# Pneumatic Scale Corporation, Ltd., *v.* Ideal Cocoa and Chocolate Co., Appellant.

*Bailment—Personal property—Duty of lessee to repair—Written contract.*

Where personal property is leased for a term of years, and by the terms of the bailment, the lessee is required to keep it in good order and repair, he will not be relieved from liability for the rental upon the ground that it has become worn out and antiquated, such a condition being the result of his own failure to keep it in repair.

In such a case, while the bailor impliedly warrants that the thing hired is of a character and in a condition to be used as contemplated by the contract of bailment, yet, where the parties by an express contract reduced to writing regulate the conditions under which the hiring takes place, this writing will become the rule by which their rights against each other are determined.

Argued Nov. 10, 1915.  Appeal, No. 257, Oct. T., 1915, by defendant, from order of C. P. Lancaster Co., April T., 1915, No. 43, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Pneumatic Scale Corporation, Ltd., v. Ideal Cocoa and Chocolate Co.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Assumpsit for rental of an automatic weighing machine.  Before HASSLER, J.

From the record it appeared that the rental was claimed for four months, October, November and December, 1914, and January, 1915, at the rate of twenty-five dollars per month.  The machine was delivered to the defendant under an agreement or order dated October 13, 1905, which provided, inter alia, as follows:

"If upon such trial the machine weighs within 1-16 ounce at a speed of 24 packages per minute we agree to the performance of the above terms by said machine shall constitute an acceptance of the machine by us upon the

terms and conditions set forth in the instrument marked 'A,' attached hereto and made a part hereof.

"If upon trial the machine fails to weigh at speed and accuracy above mentioned, you are to at once remove the same at your own expense and without any charge for expert's time.

"Under all circumstances the machine remains your property."

A paper in the form of lease was executed at the same time which provided, inter alia, as follows:

"The lessee agrees to use the machine only in the State of Pennsylvania and only for the purpose of weighing cocoa, to keep the machine in good order and condition; to procure of the lessor or its agents all parts for repairing same and to insert such parts at the lessee's own cost and charge.

"The lessor or the lessee may terminate this lease at the expiration of three years from the date of the acceptance of the machine, by giving in advance to the other party thereto, sixty days' written notice of intention so to terminate it, and if not so terminated this lease shall continue in force for a subsequent term of three years, during which subsequent term it may in like manner be terminated and so on indefinitely; any such notice of termination to take effect only at the expiration of three years from the acceptance of the machine, or three years from date of last renewal or extension, provided that in order to render effectual any such notice of termination by the lessee, the lessee shall deliver machine in good order to lessor at Boston, with the rent therefor up to the last day of the month in which the machine is returned, and pay all proper charges of the lessor and the express or freight on the machine.

"None of the terms of this lease shall be held to have been waived or altered unless such waiver or alteration is in writing and has been signed by the general manager or other specially authorized officer of the lessor."

The defendant filed an affidavit of defense which was as follows:

"The said machine leased by the plaintiff to the defendant, and referred to in the agreement attached to the plaintiff's statement, from and after September 28, 1914, was worn out, antiquated, and practically useless, and would not weigh packages of cocoa within one-sixteenth of an ounce at a speed of twenty-four packages per minute, which was the capacity that said machine was guaranteed to the defendant by the plaintiff, as appears by the order blank attached to and forming a part of said lease, and had not done so, or within forty per cent. of said guaranteed capacity, for a long time prior thereto, to wit, from the time that the plaintiff ineffectually attempted to fix and repair said machine so that it would work satisfactorily as set forth in the original affidavit of defense filed in this case.

"The plaintiff avers that by reason thereof said machine was worn out, useless, and unfit for use for the purpose for which it was leased, of all of which due notice was given the plaintiff by the defendant on the sixth day of September, 1914, and by reason thereof the plaintiff was notified and directed to remove the said machine, as the defendant could not use the same and did not use the same from the time above mentioned, to wit, September 6, 1914."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*William H. Keller,* with him *John A. Coyle,* for appellant, cited: Lineaweaver's Est., 55 Pa. Superior Ct. 547; Ransome Concrete Machinery Co. v. McDonald, 101 N. E. 175; Williamson v. Philipoff, 64 Southern 269 (Fla.).

*Geo. Ross Eshleman,* with him *S. V. Hosterman,* for appellee, cited: Lance v. Griner, 53 Pa. 204; Money-

weight Scale Co. v. Woodward, 29 Pa. Superior Ct. 142; Phillips v. International Text-Book Co., 26 Pa. Superior Ct. 230.

OPINION BY KEPHART, J., December 20, 1915:

Giving to the defendant the benefit of every reasonable intendment fairly arising from the affidavit of defense and from the contract sued upon, we do not believe the affidavit sufficient to prevent a summary judgment. Plaintiff sued to recover for four months' rent for a chocolate weighing machine. Defendant urges that the machine had been warranted by the bailor to weigh at a specified speed and accuracy during the term of hiring; that it became worn out, impossible to repair, was dismantled, and out of commission, boxed up, and awaiting shipping instructions from the plaintiff. The written contract provided that a test of the machine should be made and if it weighed within one-sixteenth of an ounce at a speed of twenty-four packages per minute, the machine was to be accepted upon the terms and conditions set forth in the contract attached to plaintiff's statement. The test was made satisfactorily to the defendant. The provision for this test did not create an implied warranty that the machine should continue as tested through the life of the bailment. It was merely the initiatory step upon the success of which the contract was made. The machine was to be kept up to this standard of efficiency through the acts of the bailee, who was required "to keep the machine in good order and condition, to procure of the lessor or its agents all parts for repairing same and to insert such parts at the lessee's own cost and charge." The machine would only do the amount of work in a certain time with a given accuracy by the bailee performing his part of the contract just recited. Through this neglect the machine became unfit for use. It had been rented in 1906 for three years, to continue for successive terms of three years unless sixty days' prior notice of a contrary intention were given. The contract was twice

renewed and it is at the closing of the third period this difficulty arose.   The learned judge correctly holds that the affidavit "only alleges as a defense, that the machine was worn out, and antiquated.   It was the duty of the defendant to repair the machine.   It could get such parts as were worn out, provided they were necessary to make repairs.   If all parts were worn out, it could get all, and thus have a new machine.   If, therefore, the machine was worn out, it was the defendant's duty, according to the lease, to repair it, replacing as we have said, any or all parts that were worn out or useless.   That the plaintiff sent a mechanic to do this does not excuse the defendant from performing his duty of repairing the machine, as he had agreed to do in the contract.   That it was antiquated is no defense, as there is nothing in the lease that excuses the defendant from performing his agreement to pay the rental because the machine should become antiquated."   The affidavit does not state that the special representative of the plaintiff directed the machine to be dismantled, nor could the representative have terminated the lease.   Such action was required to be in writing, signed by the general manager.   While the bailor impliedly warrants that the thing hired is of a character and in a condition to be used as contemplated by the contract of bailment, yet, where the parties by an express contract reduced to writing regulate the conditions under which the hiring takes place, this writing will become the rule by which their rights against each other are determined: Lance v. Griner, 53 Pa. 204.

Judgment affirmed.