## James v. Singer

*William A. Valentine*, for plaintiff.
*Edward E. Hosey*, for defendant.

PINOLA, J., for court en banc, March 19, 1948.—
Plaintiff on April 7, 1942, purchased from defendant
several buildings upon land of a third party and
received therefor a bill of sale containing a general
warranty as to title in the following language:

"And the said John Singer unto the said Norman
James, executors, administrators, or assigns, from
and against all persons whomsoever, shall and will
warrant and forever defend by these presents."

Subsequently, it developed that the taxes for the
years 1937 to 1941, amounting to $458.51, were un-
paid and were liens against the buildings, to discharge
which plaintiff was compelled to pay, as appears from
stipulation filed by counsel. He now brings this action
for that amount, together with interest, against de-
fendant, the former owner from whom he purchased
the property, who defends on the proposition that his
warranty was only as to title and his agreement con-
tained no warranty against tax liens and other encum-
brances. Defendant also denies that plaintiff paid the
full consideration of $1,200 and claims there is still
due the sum of $40 from plaintiff.

The pleadings do not reveal who was the owner
of the property during the years for which the taxes
remained unpaid, whether defendant or some other
party. This fact is unimportant, however, because this
suit is brought upon an express contract and not upon
an implied contract raised in order to permit one,
who is compelled to pay another's debt because of the
latter's omission to do so, to recover on the ground
that the law infers that the debtor requested such
payment.

The important question which confronts us is
whether the statutes governing sales and conveyances
of interests in land govern or whether the Sales Act
governs.

Although for the purpose of taxation buildings
erected on or affixed to land are considered real estate,

nevertheless they are as between seller and buyer, when so treated, considered personalty.

In this case the seller executed and delivered to the buyer a bill of sale. This is not unusual. We know that a large portion of the City of Pittston is owned by one company on whose lands hundreds of persons have erected dwellings and other buildings. These buildings are assessed as the property of the tenants for the purpose of taxation and the taxes are paid by the tenants. But the buildings continue to retain the characteristics of personal property.

A bill of sale was also used in First National Bank of Pittston v. Monarch Fire Insurance Co. of Cleveland, 123 Pa. Superior Ct. 298. President Judge Keller said (p. 299) :

"The facts are out of the ordinary and will have to be carefully kept in mind in applying the legal principles involved.

"The property insured was a dwelling house, but it was not real estate. It was erected on leased ground and was removable during the continuance of the lease at the will of the owner of the building. It was personal property."

Since these buildings are personal property, we believe that this case must be governed by The Sales Act of May 19, 1915, P. L. 543 (69 PS §1, et seq.) under the following definition of "goods" contained in section 76 of that Act:

" 'Goods' include all chattels personal other than things in action and money. The term includes emblements, industrial growing crops, and things attached to or forming part of the land which are agreed to be severed before sale or under the contract of sale."

Every sale of personal property involves certain implied warranties. These are set forth in section 13 of the Sales Act (69 PS §122), and are as follows:

"First. An implied warranty on the part of the seller that in the case of a sale he has a right to sell

the goods, and that in the case of a contract to sell he will have a right to sell the goods at the time when the property is to pass.

"Second. An implied warranty that the buyer shall have and enjoy quiet possession of the goods as against any lawful claims existing at the time of the sale.

"Third. An implied warranty that the goods shall be free at the time of the sale from any charge or encumbrance in favor of any third person, not declared or known to the buyer before or at the time when the contract or sale is made."

The bill of sale before us contains an express warranty of title. This warranty, we know, is not a warranty against encumbrances. So, the question which arises is: Does the express general warranty as to title negative or impair the implied warranty that "the goods shall be free at the time of the sale from any charge or encumbrance?"

We are aware that in many jurisdictions a rule is laid down that an express warranty in a contract wholly excludes the idea of an implied warranty. The principle involved in this doctrine as applied to written contracts is that where parties have deliberately contracted in writing, it is conclusively presumed that their whole engagement and the manner and extent of their undertaking are embodied in the writing. It seems that no warranty is implied where there is an express warranty relating to the same matter.

In opposition to this broad doctrine the view is taken in a number of jurisdictions that if the express warranty does not relate to the obligation created by the implied warranty, but relates to another matter as to which the writing is silent, or is not of the same import or effect, both kinds of warranty may exist under the same contract. And it is generally held that an implied warranty of quality is not excluded by an express warranty unless it is inconsistent therewith.

We believe that the latter view is sound.

Our own courts have held implied warranties attach to a written, as well as to an unwritten contract of sale, unless expressly excluded from the agreement: The White Co. v. Francis, 95 Pa. Superior Ct. 315, 320.

In Funk v. Voneida et al., 11 S. & R. 109, a deed conveying certain property contained a covenant of special warranty. However an action was brought upon the covenant implied by the words "grant, bargain and sell", under a statute. Justice Duncan said (p. 111):

"The words, grant, bargain and sell, by the operation of law, and the express words of the act of assembly, are a covenant against incumbrances done or suffered by the grantor; in other words, that the estate was not defeasible, by any act done by him. The action is brought on this covenant. Now, this covenant was broken the very instant it was entered into. The special covenant is by no means inconsistent with this general covenant. The implied covenant is not controlled by the special one—the effect of the words grant, bargain and sell, can only be limited by 'express words contained in the deed'. Such is the direct provision of the act. There is no express limitation; and to imply one, would be contrary to natural justice, and the intention of the parties. It is an unqualified covenant against incumbrances done and suffered by the grantor, or those under whom he claims; . . ."

"The plaintiff covenanted against all incumbrances. The rule as to the vendee, is *caveat emptor*. So, let the vendor take care of the covenants he enters into. There was no special stipulation on the subject, and the plaintiff might safely rely on the general one."

While it is true that under section 71 of the Sales Act (69 PS §332):

"Where any right, duty, or liability would arise under a contract to sell or a sale, by implication of law, it may be negatived or varied by express agreement . . . between the parties . . .,"

In our case the defendant did not negative or vary the implied covenant of warranty of title; rather he confirmed it by expressly inserting it in the contract. Nothing was done by the parties to negative or vary the implied covenant that "the goods shall be free at the time of the sale from any charge or encumbrance."

We believe that plaintiff is entitled to recover, and, therefore, we enter the following

### Order

Demurrer is sustained and it is directed: (1) That judgment be entered for plaintiff and against defendant in the sum of $418.51; and, (2) that the action proceed to determine plaintiff's claim for the balance of $40, which amount defendant claims is still due on the purchase price.