Kraftician *v.* St. Peter and St. Paul's Russian Greek Catholic Congregation of Carnegie, Appellant.

Argued November 17, 1950. Before DREW, C. J., STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

432 

 rear-
gument refused January 29, 1951.

*Thomas F. Garrahan,* with him *Gregory Zatkovich, Vincent M. Casey* and *Margiotti & Casey,* for appellants.

*Elder W. Marshall* and *John A. Metz, Jr.,* with them *John A. Metz, Metz & Metz* and *David Friedman,* for appellees.

OPINION BY MR. JUSTICE JONES, January 8, 1951:

The plaintiffs and defendants (except for the defendant church and the Carnegie National Bank, its depository) are contending factions of St. Peter and St. Paul's Russian Greek Catholic Congregation of Carnegie, Pennsylvania, a corporation. Their controversy revolves around whether the church was organized as a Greek Catholic church in union with Rome or a congregational church independent of either the ecclesiastical jurisdiction of the Pope of Rome, the hierarchy of the Uniate Greek Catholic Church in union with Rome or of any ecclesiastical authority or body other than the defendant church itself. Thus, it is the plaintiffs' contention that the church was founded, organized and dedicated as a congregational church wholly independent of any outside ecclesiastical authority or body, while on the other hand, the personal defendants, being the officers of the church's corporate organization in possession and control of its property

and funds, certain other members of the congregation and the priest maintain that, from the outset, the church has been a Uniate Greek Catholic Church in union with Rome.

The plaintiffs sought by this suit in equity to enjoin the defendants from conducting, managing or carrying on the temporal or spiritual affairs of the defendant church other than as an independent or autocephalous church not under the ecclesiastical jurisdiction of the Pope of Rome. The defendants answered to the merits of the bill of complaint and a lengthy trial was had. The printed record on this appeal consists of four large volumes of a total of 3130 pages whereof there are 2879 pages of testimony of the numerous witnesses called at trial. The parties are at no difference as to the law applicable to the findings. As the court en banc stated,—"The decision turns on the question: What kind of a church is it? This question, in turn, is to be answered by discovering what kind of a church the founders intended it to be at the time they organized it." See *Church of God v. Church of God*, 355 Pa. 478, 485, 50 A. 2d 357; *Canovaro v. Brothers of The Order of Hermits of St. Augustine*, 326 Pa. 76, 82, 191 A. 140. Throughout this litigation, the issue has been purely one of fact. And, the matter now actually open to review in this court lies within very narrow limits.

The learned chancellor made one hundred twenty specific findings of fact whereon he based two legal conclusions, viz., (1) that the burden was upon the plaintiffs to establish by a fair preponderance of the evidence that St. Peter and St. Paul's Russian Greek Catholic Congregation of Carnegie, Pennsylvania, was not originally organized and dedicated as a Greek Catholic church in union with Rome and (2) that the plaintiffs had failed to meet that burden. Whereupon, the chancellor entered a decree nisi dismissing the bill

of complaint at the plaintiffs' costs.

The plaintiffs filed thirty-seven exceptions to the chancellor's findings, conclusions and decree nisi, all but seven of which were waived at the argument thereon before the court en banc. The decree nisi being in the defendants' favor, *they filed no exceptions.* Of the remaining seven exceptions by the plaintiffs (1, 3, 3a, 4, 5, 7 and 8), Nos. 7 and 8 related to an inconsequential error in a date in one of the chancellor's findings. Exceptions 3a, 4 and 5 went to the chancellor's 118th, 119th and 120th findings which, in reality, were conclusions of ultimate fact derived inferentially from preceding basic findings. In substance, finding 118 established that it was not the intention of the founders of the defendant church that it should not be a Uniate Greek Catholic church united with Rome; finding 119, that it was not the intention of the founders of the defendant church that it should be neither a uniate nor an orthodox Greek Catholic church but should be an independent Greek Catholic church not subject to the authority or jurisdiction of any ecclesiastical body outside of the congregation of the defendant church itself; and finding 120, that it was not the intention of the founders of the defendant church to organize and create the same as a congregational and independent church and to adopt therefor the faith, doctrine, discipline and usages of the Russian Greek Catholic church but not to subject the same to the jurisdiction of any ecclesiastical organization other than the congregation of the defendant church itself. Exception 1 impugned the decree nisi; and exception 3 went to the chancellor's second conclusion of law that the plaintiffs had failed to sustain the burden of proof which the first conclusion of law had placed upon them.

After hearing argument on the seven exceptions above specified, the court en banc unanimously sus-

tained all seven in a formal order signed by the chancellor, acting for the court en banc, and made three new findings of fact which were therewith substituted for the chancellor's original findings 118, 119 and 120 as follows: "118. It was the intention of the founders of defendant church when they organized the same, made the first contributions thereto and purchased the original property thereof in the Fall of 1902 that said church should not be a uniate Greek Catholic Church united with Rome. 119. It was the intention of the founders of defendant church when they organized the same, made the first contributions thereto and purchased the first property thereof in the Fall of 1902 that said church should be neither a Uniate nor an Orthodox Greek Catholic Church but should be an independent Greek Catholic Church not subject to the authority or jurisdiction of any ecclesiastical organization, body, group or authority outside of the congregation of defendant church itself. 120. It was the intention of the founders of defendant church to organize and create the same as a congregational and independent church and to adopt therefor the faith, doctrine, discipline and usages of the Russian Greek Catholic Church but not to subject the same to the jurisdiction of any ecclesiastical organization whatsoever other than defendent church itself." The effect of this action on the part of the court en banc was to reverse diametrically the conclusions of ultimate fact which the chancellor had drawn with respect to the intention of the founders of the church at the time of its organization. The decree nisi was accordingly set aside and a final decree entered awarding the plaintiffs the injunctive relief prayed for in their bill.

It is readily apparent that the only matters of substance which the defendants have for complaint on this appeal are the three substituted findings. But, as they are reasonable and proper inferences from the

many and unexcepted-to basic findings, which are not open to attack here (see *Malanchuk et al. v. St. Mary's Greek Catholic Church of McKees Rocks*, 336 Pa. 385, 396, 9 A. 2d 350), we are without right or justification to interfere therewith or with the final decree which they support.

Decree affirmed at the appellants' costs.