430 Pa. 527 (1968)
Pennsylvania State Spiritualist Association, Appellant,
v.
First Church of Spiritual Research and Healing.
Supreme Court of Pennsylvania.
Argued April 29, 1968.
July 1, 1968.
Before BELL, C.J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.
*528 Howard R. Moore, Jr., with him Henry T. Reath, Werner J. Trimborn, of the Wisconsin Bar, and Duane, Morris & Heckscher, for appellants.
Robert E. Lenton, for appellees.
OPINION BY MR. JUSTICE EAGEN, July 1, 1968:
The National Spiritualist Association of Churches of America (hereinafter National Association), and one of its state auxiliaries, the Pennsylvania State Spiritualist Association (hereinafter Pennsylvania Auxiliary), instituted this equity action to gain possession, control and management of a property of which the recorded owner is the First Church of Spiritual Research and Healing of Philadelphia (hereinafter Appellee Church). The complaint averred, inter alia, that the National Association and the Pennsylvania Auxiliary are spiritualistic religious corporations; that the National Association is a consolidation of numerous spiritualistic societies of the United States; that the Appellee Church is a charter member of the National Association; that under the Constitution and by-laws of the National Association the assets and property of the Appellee Church are dedicated and pledged to the use and purposes of spiritualism as promulgated by the National Association; that under the Constitution and by-laws of the National Association it is the supreme law and ultimate governing body of the association and of all societies and organizations affiliated therewith; that the Appellee Church is now defunct, inactive and not carrying on its activities in accordance with the tenets and beliefs of the National *529 Association; and that, under such circumstances, the Appellee Church is required under the Constitution and by-laws of the National Association to surrender possession and control of its property to the custody of a trustee appointed by the National Association, to be held in trust and used in furtherance and support of the cause of Modern Spiritualism in such manner as the Board of Trustees of the National Association shall determine to be appropriate. The court below sustained preliminary objections to the complaint in the nature of a demurrer and dismissed the action. This appeal followed.
Keeping in mind that a summary judgment should be entered only where the right is clear and the matter free from doubt, Augenbaugh v. North American Refractories Co., 426 Pa. 211, 231 A. 2d 173 (1967), the first question for decision is whether or not, accepting as true all well pleaded facts in the complaint, a cause of action is stated therein which requires an answer on the merits. This, in turn, depends in the instant case upon whether or not the well pleaded facts in the complaint establish that the National Association is a religion of national or regional scope, with hierarchal polity in respect to ecclesiastical government, and in which the Appellee Church is a subordinate unit. If this last question is answered affirmatively, then the Appellee Church is bound not only by its own rules and laws, but also by the laws and usages of the ecclesiastical organization with which it is affiliated, and it may not deviate from these laws and usages without forfeiting its property. See the Act of June 20, 1935, P.L. 353, § 1, 10 P.S. § 81; Canovaro v. Brothers of the Order of Hermits of St. Augustine, 326 Pa. 76, 191 A. 140 (1937); First Church of the Brethren v. Snider, 367 Pa. 78, 79 A. 2d 422 (1951); and, Gabster v. Mesaros, 422 Pa. 116, 220 A. 2d 639 (1966). On *530 the other hand, if the National Association is not a church or ecclesiastical body enjoying hierarchal polity, in the sense contemplated by the Act of June 20, 1935, supra, or if the Appellee Church is a congregational church, independent of any ecclesiastical authority or jurisdiction of the National Association, then the governing body is a majority of its own membership so long as they act within the purposes of the organization. See Malanchuk v. St. Mary's Greek Catholic Church, 336 Pa. 385, 9 A. 2d 350 (1939), and First Church of the Brethren v. Snider, supra. See also, Bunnell v. Creacy, 266 S.W. 2d 98 (Ky. 1954).
Generally the nature and character of a church is determined "by discovering what kind of a church the founders intended it to be at the time they organized it." Kraftician v. St. Peter and Paul's Greek Catholic Congregation, 366 Pa. 431, 433, 77 A. 2d 875 (1951). It is clear from the complaint that the Appellee Church was not intended by its founders to be a constituent part of the National Association since it was founded as the First Association of Spiritualists of Philadelphia in 1867, and incorporated as a nonprofit corporation under the laws of Pennsylvania on September 19, 1867, whereas the National Association did not come into being until 1893.
Assuming arguendo that, by action of the congregation, the Appellee Church could, subsequent to its organization, legally become a subordinate unit of the National Association and subject to its ecclesiastical jurisdiction and control despite the purposes set forth in its corporate charter and the intent of its founders, we agree with the court below that the National Association is not an ecclesiastical body with hierarchal polity, but rather is "merely a voluntary mutual aid association of local churches and societies, each retaining its own independence and autonomy."
*531 While the complaint describes the National Association as a "synod, Presbyterian or federated type of religous organization," this statement is refuted by the Constitution of the National Association, a copy of which is attached to the complaint as an exhibit. Where, in considering the sufficiency of a complaint, it appears that an allegation of fact therein is based upon the interpretation of a document which is attached as an exhibit and that the document itself does not warrant the allegation, the allegation may be disregarded as a mere legal conclusion. Greek Catholic Congregation v. Plummer, 338 Pa. 373, 12 A. 2d 435 (1940). Augenbaugh v. North America Refractories Co., supra.
In Section 11 of the Constitution of the National Association, its objects are stated as follows: "The objects shall be to prevent further waste of spiritual and financial energy by the consolidation and organization of Spiritualist Societies of the United States into one central harmoniously working business association, for the establishment of new associations wherever possible, and the better education, equipment and protection of lecturers, mediums, and other exponents of Spiritualism." In addition, Section 3 of said Constitution provides: "No modification of the form of organization, or manner of conducting business on the part of existing societies and organizations shall be required to qualify them for membership in this association, except so far as may be necessary to select the delegates and otherwise maintain its relation to this Association; but they shall be entitled to a charter by making application and paying the fee therefor, and filing the required report."
These provisions clearly manifest the absence of any intent on the part of the founders of the National Association to set up a central ruling church body which would control and direct the operations of its members and dictate their policy.
*532 Additionally, it must be noted that nowhere in the complaint or its attached exhibits is there any statement of creed or form of worship to which the members of the National Association must adhere. Likewise, conspicuously absent is any set of rules, regulations, usages, canons or discipline which generally characterize a religous denomination or sect.
Decree affirmed. Each party to bear own costs.