## U. S. Leasing Corporation *v.* Stephenson Equipment, Inc., Appellant, et al.

Argued March 12, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Jerome T. Foerster,* with him *Richard W. Cleckner,* and *Cleckner & Fearen,* for appellant.

*Robert L. Knupp*, with him *Frederick W. Andrews*, and *Knupp & Andrews*, for appellee.

OPINION BY SPAETH, J., September 23, 1974:

This is an appeal from an order granting judgment on the pleadings to plaintiff-appellee.

The complaint is for monthly payments due under a lease of an electronic accounting machine. Appellant's answer admits the lease and refusal of repeated demands for the payments. The answer explains the refusal by referring to "reasons set forth in Complaint vs. Additional Defendant, Burroughs Corporation." This complaint alleges that Burroughs represented to appellant that the machine would do certain work, that because of mechanical failures and inherent defects the machine did not do the work, that this constitutes a breach of various warranties, and that because of this breach appellant has suffered certain damages.

A motion for judgment on the pleadings is in the nature of a demurrer; all of appellant's well-pleaded allegations must be taken as true, and only those facts specifically admitted by appellant may be considered against it. *Karns v. Tony Vitale Fireworks Corp.*, 436 Pa. 181, 259 A. 2d 687 (1969). In addition, the judgment should not be entered unless the right to it is clear and free from doubt. *Eckborg v. Hyde-Murphy Co.*, 442 Pa. 283, 276 A. 2d 513 (1971).

In entering judgment here the court below correctly applied these principles. The first clause of the lease disclaims all warranties on the part of appellee (with specific reference to merchantability and fitness for use), and the second clause stipulates that in the event of any defect in the machine appellant as lessee will continue to make the monthly payments to appellee as lessor and will proceed against the supplier (additional defendant). There is no reason not to enforce these clauses. *The White Co. v. Francis*, 95 Pa. Superior Ct.

315 (1929). Appellant argues that under Section 2-316 of the Uniform Commercial Code, 12A P.S. §2-316, the clauses must be "conspicuous." The argument is frivolous. Without deciding that the Code applies to an equipment lease (as distinguished from a sale), the clauses, as noted, are the first and second clauses of the lease; they are, moreover, printed in capital letters.

Appellant claims, finally, that the judgment should not have been entered because the pleadings were not "closed," as required by Pa. R. Civ. P. 1034 ("After the pleadings are closed, . . . any party may move for judgment on the pleadings"). It appears that Burroughs as additional defendant filed preliminary objections to appellant's complaint against it, and the court below has not disposed of these. This fact is irrelevant. Appellee's complaint states a cause of action, and appellant's answer states no defense to it. As between appellee and appellant the pleadings are closed. If appellant has a cause of action against Burroughs it may pursue it.

The order is affirmed.