## Divco Philadelphia Corp. v. DiCassimirro Bros.

Before Shughart, P.J. and Rambo, J.
*Lee C. Swartz,* for plaintiff.
*Charles E. Schmidt, Jr.,* for defendants.
*Richard L. Kearns,* for additional defendant.

SHUGHART, P.J., February 9, 1977—The controversy among these parties has given rise to two lawsuits. Beside the instant litigation, defendant has sued the additional defendant in an action filed to 2945, Civil 1976. The complaint in the matter now before us was filed on March 10, 1976. Defendants joined White Motor Corporation (hereafter "White") as an additional defendant and subsequently filed an amended complaint against it on August 30, 1976. After White answered, it filed a motion for partial judgment on the pleadings which is before us for decision.

In considering this motion, we must accept as true all the well-pleaded facts of the opposing party: Blumer v. Dorfman, 447 Pa. 131, 137, 289 A.2d 463, 467 (1972); U.S. Leasing Corp. v. Stephenson Equipment, Inc., 230 Pa. Superior Ct. 181, 326 A.2d 472 (1974). Plaintiff, Divco, an authorized White Truck dealer, sold to defendant, DiCassimirro Brothers, four White dump trucks. The trucks were covered by express written warranties. Exhibit B of defendant's complaint is a copy of one of these warranties; the others are identical. After purchasing the vehicles, defend-

ant experienced a number of problems with them and returned the trucks to plaintiff for repair. Plaintiff is now seeking to recover the cost of those repairs from defendants. Defendant, DiCassimirro Brothers, has resisted these efforts, claiming that the repairs were within the scope of the warranties, and that, therefore, White is the party to whom plaintiff should look for payment. DiCassimirro not only claims the benefit(s) of the express warranty, but it also maintains that the trucks were covered by implied warranties of merchantability and fitness for purpose. White contends all these implied warranties were disclaimed by the language of the written warranty and White has filed a motion for judgment on the pleadings.

In passing upon such a motion, we can consider only the pleadings and the documents properly attached to them: Keil v. Good, 467 Pa. 317, 356 A.2d 768 (1976); Bata v. Central-Penn National Bank of Phila., 423 Pa. 373, 378, 224 A.2d 174, 178 (1966). As already noted, a copy of the express warranty has been attached to and incorporated in defendant's complaint; it is, therefore, before us for consideration.

To support its position in opposition to White's motion, defendant relies chiefly upon Jones & McKnight Corp. v. Birdsboro Corp., 320 F. Supp. 39 (N.D. Ill., 1970). An examination of this case, however, and cases which have followed it leads us to conclude that it cannot be read so broadly as to sustain defendant's argument. These cases hold that, in a contract for the sale of goods, the parties may adopt an exclusive remedy such as repair or replacement of defective goods. By means of this exclusive remedy, the vendor may relieve himself from liability for consequential damages. If, how-

ever, the vendor should neglect to correct a defect under the warranty within a reasonable time, the exclusive remedy is deemed to have failed of its essential purpose. Once this occurs, the vendee is authorized to employ the full panoply of remedial provisions of the Uniform Commercial Code, including claims for consequential damages[1]: Koehring Co. v. A.P.I., Inc., 369 F. Supp. 882 (E.D. Mich. 1974); Beal v. General Motors Corp., 354 F. Supp. 423 (Del. 1973); Jones & McKnight Corp. v. Birdsboro Corp., supra; Kohlenberger, Inc. v. Tyson's Foods, Inc., 256 Ark. 584, 510 S.W. 2d 555 (1974); Adams v. J. I. Case Company, 125 Ill. App. 2d 388, 261 N.E. 2d 1 (1970); Ehlers v. Chrysler Motors Corp., — S.D. —, 226 N.W. 2d 157 (1975); UCC §§2-715, 2-719. In none of these cases, however, have the courts held that such conduct by the vendor vitiates an otherwise proper limitation of implied warranties. The earliest case on the matter, in fact, expressly declined to allow such a theory of recovery: Adams v. J. I. Case Company, supra. We agree with the rationale of these cases, and we can see no reason to adopt the position which defendant has urged upon us.

No other argument has been offered as a basis for invalidating the exclusions of implied warranties. An examination of the warranty itself reveals that it does comply with the applicable provisions of the UCC in this regard: UCC §§1-210(10), 2-314, 2-315, 2-316(2). The exclusions, therefore, should be given their intended effect. Were it not for the fact that U. S. Leasing Corp. v. Stephenson

---

1. Uniform Commercial Code, Act of April 6, 1953, P.L. 3, sec. 1-101 et seq., reenacted October 2, 1959, P.L. 1023, sec. 1, 12A P.S. §1-101 *et seq.* (hereafter "UCC").

Equipment, Inc., supra, dealt with a lease instead of a sale of goods, the principles briefly discussed therein would seem to dictate the result reached here.

It is well settled that a motion for judgment on the pleadings should be granted in cases that are clear and free from doubt: Keil v. Good, supra; Blumer v. Dorfman, supra. This is just such a case. The language used to exclude the implied warranties is effective, leaving no issue to be decided by the finder of fact. Defendant cannot maintain a cause of action based upon implied warranties in the face of te express limitation which appears in White's written warranties.

## ORDER

And now, February 9, 1977, for the reasons stated in an opinion filed this date, the motion of the additional defendant is granted and defendant's claim for damages for alleged breach of implied warranties is dismissed.