## Mattie v. Dunlap

*Samuel J. Marks*, for plaintiff.
*Edmund D. Foy*, for defendant Dunlap.
*Joseph V. Pinto*, for defendant Falkenstein.

GUARINO, *J.*, November 7, 1977—Defendant Falkenstein, one of two defendants, has filed a motion for summary judgment pursuant to Pa.R.C.P. 1035. The record to be examined on this motion consists of the pleadings, answers to cross interrogatories and depositions.

Pennsylvania Rule of Civil Procedure 1035 provides that:

"(a) After the pleadings are closed . . . any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits . . .

"(b) . . . The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . . "

Our appellate courts have formulated guidelines in examining the record on such a motion:

". . . [W]e are to accept as true all well pleaded facts in the nonmoving parties' pleadings, as well as the admissions on file, giving to them the benefit of all reasonable inferences to be drawn therefrom; the record must be examined in the light most favorable to them; and in passing upon a motion for summary judgment, it is no part of our function to decide issues of fact but solely to determine whether there is an issue of fact to be tried and all doubts as to the existence of a genuine issue as to a

material fact must be resolved against the party moving for summary judgment." Ritmanich v. Jonnel Enterprises, Inc., 219 Pa. Superior Ct. 198, 280 A. 2d 570 (1971).

See also McFadden v. American Oil Co., 215 Pa. Superior Ct. 44, 257 A. 2d 283 (1969); Karns et al. v. Tony Vitale Fireworks Corp., 436 Pa. 181, 259 A. 2d 687 (1969). Unless the right to judgment is clear and free from doubt, and such as would warrant a directed verdict in favor of the moving party, the summary judgment should not be entered: Kotwasinski et al. v. Rasner, 436 Pa. 32, 258 A. 2d 865 (1969); Pennsylvania State Spiritualist Association v. First Church of Spiritual Research and Healing, 430 Pa. 527, 244 A. 2d 31 (1968); Eckborg v. Hyde-Murphy Co., 442 Pa. 283, 276 A. 2d 513 (1971); U.S. Leasing Corp. v. Stephenson Equipment, Inc., 230 Pa. Superior Ct. 181, 326 A. 2d 472 (1974); Prince v. Pavoni, 225 Pa. Superior Ct. 286, 302 A. 2d 452 (1973). Where there is a genuine issue of fact, the case is one for a jury. The burden of proving the absence of any issue of fact is on the moving party, against whom all doubts must be resolved: Schacter v. Albert, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968); Moore v. Zimmerman, 221 Pa. Superior Ct. 359, 292 A. 2d 458 (1972).

Examining the record of this case in this frame of reference, the following facts appear:

Dunlap, one of two defendants in this case, is an optician by trade. During the daytime hours he is employed by Falkenstein, an optometrist. In September of 1972, plaintiff arranged with Mr. Dunlap to have Mr. Dunlap fill a prescription for safety lens eye glasses. All arrangements were made at Dunlap's home, in the evening, after the latter's normal working day with Falkenstein. It was in Dunlap's

living room that plaintiff selected the kind of frame he wanted. While it was understood that the eye glasses would be made and assembled on Dunlap's employer's premises, there was no representation that Mr. Dunlap was the agent for Mr. Falkenstein. While the evidence as to whether Dunlap worked under the direction of Falkenstein when he was making the eye glasses is unclear,[1] when it is viewed in the light most favorable to the nonmoving party[2] it clearly appears that both the lens and the frame were supplied by Falkenstein, and that the latter permitted Dunlap to use the facilities and the equipment in making the eye glasses for plaintiff.[3]

In his complaint in assumpsit, plaintiff claims damages for personal injuries sustained when the bow he was unstringing struck the safety eye glasses, shattering the lens, causing a shard of glass to enter and injure his left eye. Mr. Falkenstein, in the petition moving for summary judgment, contends that there is no genuine issue of fact; that under the admitted facts, there is no cause of action against him. His position is based on the fact that plaintiff has relied on a cause of action arising out of a contract with Dunlap who admittedly is not his agent. I disagree: privity is not a necessary prerequisite on the evidence presented on this motion.

It is well settled that the title ascribed to a pleading is not controlling on the issue of whether the

---

1. Depositions, p. 5, 6, 26, 27.

2. See p. ___, supra and citations therein cited.

3. Depositions, p. 26-27.

party has a good cause of action. In examining the record on a motion for summary judgment, it is the substance of the cause of action and not the form which controls. If there is a cause of action on any theory, a judgment does not lie.

The Uniform Commercial Code of April 6, 1953, P.L. 3, as amended, 12A. P.S. §2-314, states that "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind . . . ." 12A P.S. §2-314. A buyer may recover in assumpsit action against even a remote seller for injuries caused by a breach of implied warranty of merchantability: Kassab et ux. v. Central Soya, infra;Wisniewski v. Great A. & P. Tea Co., 226 Pa. Superior Ct. 574, 323 A. 2d 744 (1974). In 1966, the Pennsylvania Supreme Court made sellers of products liable in tort without regard to privity by adopting section 402A of Restatement, 2d, Torts, in Webb v. Zern, 422 Pa. 424, 220 A. 2d 853 (1966). Section 402A provides:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"(2) The rule stated in Subsection (1) applies although

"(a) the seller has exercised all possible care in the preparation and sale of his product, and

"(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."

See also Agostino v. Rockwell Mfg. Co. et al., 236 Pa. Superior Ct. 434, 345 A. 2d 735 (1975); Forry v. Gulf Oil Corp., 428 Pa. 334, 237 A. 2d 593 (1968).

Thus, while it is true that plaintiff dealt exclusively with Mr. Dunlap and that there is no evidence as to privity between plaintiff and Mr. Falkenstein, no agency or privity is necessary. The record evidence sufficiently indicates that Mr. Falkenstein sold to Dunlap the component parts of the glasses and that the glasses were prepared on Falkenstein's premises with the latter's permission during the normal working hours of Dunlap. Agency or privity between the buyer or consumer and a seller of the product is no longer a requirement for recovery of damages for the injuries caused by the defective or dangerous product: Kassab et ux. v. Central Soya, 432 Pa. 217, 246 A. 2d 848 (1968), overruling Miller v. Preitz, 422 Pa. 383, 221 A. 2d 320 (1966); Salvador v. Atlantic Steel Boiler Co., 224 Pa. Superior Ct. 377, 307 A. 2d 398 (1973). There is no distinction in a buyer's or user's right because he sues in assumpsit rather than trespass. In a proper case, a seller of a product may be liable for injuries attributable to that product in either assumpsit, on the theory of breach of implied warranty, or tort, on the theory of strict liability.[4]

A summary judgment will not be granted because of lack of privity or agency between a seller or

---

4. ". . . [S]trict liability in tort is the same concept as warranty liability but is merely a different label." 1 Anderson, Uniform Commercial Code, §2-314:156 (1970).

merchant and the buyer or ultimate consumer where the jury could find from the evidence that the product that caused the injury was dangerously defective, unmerchantable or unfit for the purpose for which it was intended. A summary judgment does not lie where there are genuine issues of fact and where it does not clearly appear that a party is entitled to "judgment as a matter of law." See Pa.R.C.P. 1035(b).

Accordingly, the motion for summary judgment is denied.