J-S40032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REVERSE MORTGAGE FUNDING, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL RUSSO | : | |
| | : | |
| Appellant | : | No. 919 EDA 2020 |

Appeal from the Order Entered February 19, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-CV-2019-01903

BEFORE:   SHOGAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED OCTOBER 05, 2020**

This matter is an appeal filed by Russell Russo, *pro se*, from an order of
the Court of Common Pleas of Northampton County (trial court) granting
judgment on the pleadings in favor of plaintiff Reverse Mortgage Funding, LLC
(Plaintiff) in a mortgage foreclosure action.  For the reasons set forth below,
we affirm.

On March 5, 2019, Plaintiff filed a complaint against Appellant seeking
to foreclose a mortgage on a property owned by Appellant located at 2420 7th
Street, Bethlehem, Pennsylvania (the Property).  In its complaint, which
contained a notice to defend, Plaintiff averred that Appellant executed a home
equity conversion note and a mortgage on the Property on October 7, 2014

_____

[*] Retired Senior Judge assigned to the Superior Court.

and that on January 3, 2019, Plaintiff, by assignment, acquired that mortgage and the right to enforce the note. Complaint ¶¶3-7. Plaintiff averred that Appellant defaulted on the mortgage by failing to timely pay real estate taxes and insurance on the Property as required by the mortgage, that the mortgage is in default and has been in default since September 20, 2018, and that $160,972.65 is due on the mortgage. *Id.* ¶¶8-9.

The only answer that Appellant filed to Plaintiff's complaint was a document filed on March 26, 2019, which he also captioned as a "Show of Cause Proof of Claim Demand." In this answer, Appellant did not deny any of Plaintiff's averments, respond to any of the paragraphs of Plaintiff's complaint, or plead any defenses relating to the mortgage. Rather, this answer, which did not contain a notice to plead, consisted largely of quotes from the Congressional Record, and references to the issuance of Federal Reserve notes and the bank emergency of 1933, with no reference to the mortgage at issue or whether any default occurred. Answer. On June 24, 2019, Plaintiff filed a motion for judgment on the pleadings based on the fact that the averments of the complaint were admitted. Appellant, in his response to this motion, did not dispute any of the averments of the complaint and asserted only arguments that Plaintiff was bound by an alleged agreement proposed in Appellant's answer because Plaintiff did not respond to Appellant's answer. Defendant's Response to Quash Plaintiff's Motion for Judgment.

On February 19, 2020, the trial court granted Plaintiff's motion for judgment on the pleadings. In this order, the trial court stated that it granted the motion on the grounds that the averments of Plaintiff's complaint were sufficient, if proven, to entitle it to a judgment of mortgage foreclosure, that Appellant's answer and response to the motion did not deny those averments, and that the averments of the complaint were therefore admitted. Trial Court Order, 2/19/20, at 1.

Appellant timely appealed this judgment on March 16, 2020. On April 21, 2020, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) requiring Appellant to file and serve on the trial judge a concise statement of the errors complained of on appeal. The docket shows that the order was mailed to Appellant on April 22, 2020. Docket Entries at 3. On May 13, 2020, Appellant timely filed a concise statement of the errors complained of on appeal in this Court, but did not file the statement in the trial court and did not served it on the trial judge. On May 21, 2020, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a) in which it noted that Appellant had filed statement of errors in this Court, but held that all claims of error were waived because Appellant had failed to file the statement in the trial court and failed to serve the trial court judge. Trial Court Rule 1925(a) Statement, 5/21/20.

Before we consider Appellant's arguments, we must determine whether his filing of his concise statement of errors in this Court and his failure to serve

it on the trial judge waived all issues in this appeal.[1]  We conclude that Appellant is not barred by waiver.

The law is clear that where the trial court has issued an order in accordance with Rule 1925(b) requiring the appellant to file and serve on the trial judge a statement of errors complained of on appeal and the record shows that it was sent by the court to all parties, the appellant's failure to file and serve a statement of errors in compliance with that order waives all issues on appeal.  ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225-27 (Pa. Super. 2014) (*en banc*); ***In re Estate of Boyle***, 77 A.3d 674, 679 (Pa. Super. 2013); ***Forest Highlands Community Association v. Hammer***, 879 A.2d 223, 227-29 (Pa. Super. 2005).  Waiver, however, occurs only where the trial court has complied with

---

[1] Plaintiff does not argue that this Court should find Appellant's issues waived under Rule 1925.  We are, however, required to address this issue when it comes to our attention, even if the appellee has not raised it. ***Commonwealth v. Butler***, 812 A.2d 631, 634 (Pa. 2002); ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*).  Plaintiff does argue that we should dismiss this appeal because Appellant did not file a reproduced record.  We reject this argument.  Plaintiff filed no application to dismiss the appeal for failure to file a reproduced record.  This Court may dismiss an appeal for non-compliance with the Rules of Appellate Procedure concerning the filing of a reproduced record only where the appellee files an application to dismiss the appeal, not where the appellee merely raises the issue in its brief.  ***Commonwealth v. Sohnleitner,*** 884 A.2d 307, 312-13 (Pa. Super. 2005); ***Commonwealth v. Stolee***, 836 MDA 2019 at 1 n.2 (Pa. Super. filed July 15, 2020) (unpublished memorandum).  Moreover, Plaintiff is not prejudiced by Appellant's failure to file a reproduced record, as it is permitted by Pa.R.A.P. 2156 to file a supplemental reproduced record and has in fact done so.

notice requirements of Rule 1925(b). ***Greater Erie Industrial Development Corp.***, 88 A.3d at 226; ***In re L.M.***, 923 A.2d 505, 509-10 (Pa. Super. 2007). Rule 1925(b)

> requires that trial judges use specific language in a Rule 1925 order, in order to adequately advise an appellant of his obligations under the rule. To essentially ignore a trial court's failure to adhere to its obligations under Rule 1925, but sanction an appellant for his failure to follow the rule, is unjust and unreasonable, particularly where … the trial court's misleading order led to the very noncompliance [at issue].

***Berg v. Nationwide Mutual Insurance Co.***, 6 A.3d 1002, 1008 n.12 (Pa. 2010) (plurality opinion).

Here, the trial court's order did not comply with Rule 1925's notice requirements with respect to service on the trial court judge. Rule 1925 was amended effective October 1, 2019 to provide that a trial court's order to file a statement of errors complained of on appeal

> shall specify:
>
> *        *        *
>
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge ….

Pa.R.A.P. 1925(b)(3). The trial court's 1925(b) order, issued in April 2020, after this amendment was in effect, provided only:

> [I]t is hereby **ORDERED** and **DECREED** that Appellant file of record and serve on the undersigned a concise statement of the errors complained

of on appeal, no later than twenty-one days from the date of this Order, pursuant to the Pennsylvania Rules of Appellate Procedure.

**FURTHERMORE**, a failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of, pursuant to 42 Pa.C.S. § 1925(b)[*sic*].

Trial Court Order, 4/21/20 (emphasis in original). Because the trial court failed to comply with Rule 1925's notice requirements with respect to where Appellant was to serve the trial judge, Appellant's failure to serve the trial judge does not require this Court to find that all issues in this appeal are waived.

We also conclude that Appellant's filing of his statement in the wrong court does not require waiver. As noted above, the trial court ordered Appellant to "file of record" his statement "pursuant to the Pennsylvania Rules of Appellate Procedure" and neither specified where Appellant was required to file nor advised him of the Rule of Appellate Procedure that instructed where the statement must be filed. While this language complied with the requirements for a Rule 1925(b) order, Appellant's filing in this Court is a filing "of record" and documented that the statement was timely filed. A filing in the wrong court is to be transferred to the proper court, not disregarded. *See* Pa.R.A.P. 751, 905(a)(4). Indeed, the trial court was aware that the statement had been filed.

If the trial court's Rule 1925(a) statement were its only explanation of the reasons for its order, we would be required to remand this case for the

- 6 -

trial court to file a supplemental opinion. Here, however, the trial court fully explained the ground on which it granted judgment on the pleadings in its order. We therefore address the merits of Appellant's appeal.

Appellant argues that the trial court erred in entering judgment against him without a jury trial. We do not agree.

Our review of the trial court's grant of judgment on the pleadings is *de novo* and plenary. **Grabowski v. Carelink Community Support Services, Inc.**, 230 A.3d 465, 470 (Pa. Super. 2020). Judgment on the pleadings is properly entered in favor of the plaintiff where the averments of the complaint, if proven, are sufficient to support judgment in its favor and the defendant's answer admits those averments and does not plead a legally valid defense to plaintiff's cause of action. **Swift v. Milner**, 538 A.2d 28, 31 (Pa. Super. 1988); **U.S. Leasing Corp. v. Stephenson Equipment, Inc.**, 326 A.2d 472, 473 (Pa. Super. 1974).

A mortgage holder is entitled to a judgment of mortgage foreclosure where the mortgagor admits the existence of the mortgage, that he has failed to make payment required by the mortgage and the mortgage is in default, and the amount due under the mortgage. **Gerber v. Piergrossi**, 142 A.3d 854, 859 (Pa. Super. 2016); **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 465 (Pa. Super. 2014). Here, Appellant admitted all of these facts by his failure to deny any of the averments of the complaint.

Plaintiff's complaint averred that Appellant executed a note and a mortgage on the Property on October 7, 2014, that Plaintiff acquired the mortgage and the right to enforce the note, that Appellant failed to make payments of real estate taxes and insurance on the Property required by the mortgage, and that the mortgage has been in default since September 20, 2018. Complaint ¶¶3-8. Plaintiff's complaint also averred the amount due on the mortgage. *Id.* ¶9. Appellant's answer did not deny any of these averments; indeed, it did not respond at all to these averments. All of these averments of Plaintiff's complaint were therefore admitted. Pa.R.C.P. 1029(b); *Bayview Loan Servicing LLC v. Wicker*, 163 A.3d 1039, 1044 (Pa. Super. 2017), *aff'd*, 206 A.3d 474 (Pa. 2019); *Bank of America, N.A.*, 102 A.3d at 467.

Appellant also did not plead any defense that this mortgage was invalid or unenforceable or that Plaintiff was barred from seeking foreclosure. Although Appellant asserts in his brief that he might have defenses under the federal Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667, and federal Fair Debt Collection Practices Act (FDCPA), 15 USC §§ 1692-1692p, he did not plead in his answer that the mortgage, the note, or Plaintiff's or its assignors' conduct violated either of these statutes or that either of these statutes provided a defense to this mortgage foreclosure action. Rather, the lone reference to these statutes in Appellant's answer consists of a statement concerning a 2008 New York court opinion and an entity that has no apparent

connection to this mortgage, note or case. Answer at 3. Moreover, Appellant in his response to Plaintiff's motion for judgment on the pleadings did not assert that the TILA or FDCPA barred or affected Plaintiff's foreclosure claim and did not refer at all to either statute. Appellant, by failing to plead these statutes as affirmative defenses or argue them to the trial court, waived any claim that they constitute grounds for reversal of the judgment in Plaintiff's favor. Pa.R.C.P. 1032(a); Pa.R.A.P. 302(a); **Milby v. Pote**, 189 A.3d 1065, 1078-79 (Pa. Super. 2018).

Because Appellant did not deny the averments of the complaint, those averments were sufficient to support a judgment of mortgage foreclosure in Plaintiff's favor, and Appellant asserted no defense in the trial court that could defeat Plaintiff's claim, the trial court did not err in granting Plaintiff's motion for judgment on the pleadings. Accordingly, we affirm the trial court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/5/20