356 A.2d 768

William W. KEIL and Cecelia A. Keil,
his wife, Appellants,

v.

Benjamin F. GOOD, Sr. and Ruth A. Good,
his wife, Appellees.

Supreme Court of Pennsylvania.

Argued Jan. 22, 1976.

Decided May 12, 1976.

318

Gregory J. Dean, R. Merle Heffner, Huntingdon, for appellants.

Henry, Corcelius, Gates & Gill, John R. Gates, Huntingdon, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

MANDERINO, Justice.

This appeal challenges the order of the Court of Common Pleas of Huntingdon County, sitting in equity,

granting appellees' motion for judgment on the pleadings and dismissing appellants' action for specific performance of an alleged oral contract to sell land. The judgment was based on appellees' defense that the Statute of Frauds, Act of March 21, 1972, 33 P.S. 1, barred enforcement of any such contract. This defense was raised in appellees' answer under "new matter."

Because a motion for judgment on the pleadings is in the nature of a demurrer, the trial court must accept all of the well pleaded allegations of the party opposing the motion as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. Furthermore, the court may consider only the pleadings themselves and any documents properly attached thereto in reaching its decision. In order to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that "a trial would clearly be a fruitless exercise." *Bata v. Central-Penn National Bank,* 423 Pa. 373, 378, 224 A.2d 174, 178 (1966), cert. denied 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967). *See also Goldman v. McShain,* 432 Pa. 61, 247 A.2d 455 (1968).

With these principles in mind we look to the appellants' complaint in the instant action. The complaint alleged that on September 4, 1972, plaintiffs, William and Cecelia Keil, had entered into an oral agreement with the defendants for the purchase of a certain plot of ground located in Huntingdon County. The complaint also alleged that a mobile home located on the property was to be included in the sale. The property was to be sold for the sum of $2,500.00, and in addition, appellants were to loan appellees the sum of $1,000.00. Sometime after September 4, 1972, according to the complaint, appellees arranged for appellants to pick up the deed to the property and the title certificate for the mobile home from a third party in order that appellants might have the title searched, a new deed drafted, and a certificate of title to

the mobile home completed prior to settlement. Appellants thereafter caused the title search to be made and caused the deed to be drafted conveying the property from appellees to appellants.

The complaint also alleged that on September 23, 1972, appellants gave the deed to appellees in order that it might be executed prior to settlement, and that thereafter appellants were informed that the deed had in fact been executed by appellees. Financial arrangements were made by appellants so that the purchase price could be paid, and a note to be executed by appellees at the time the settlement was drafted guaranteeing payment of the proposed $1,000.00 loan. Appellees were notified that settlement on the proposed sale of the property was to be held on October 18, 1972, in the office of the appellants' attorney. Sometime thereafter appellants were informed by appellees that appellees had entered into a written agreement of sale of the same property with a third party, and that appellees would not comply with their prior agreement to convey the property to the appellants.

Appellants instituted an equity action to compel the conveyance of the property; preliminary objections were filed and dismissed on May 23, 1973; appellees filed an answer containing "new matter" and a counterclaim; and some time thereafter, appellees also filed a motion for judgment on the pleadings. In their "new matter," appellees averred that plaintiffs' complaint should be dismissed because of the Statute of Frauds, 33 P.S. § 1. Judgment on the pleadings was granted on February 5, 1975.

In *Goldman v. McShain*, 432 Pa. 61, 247 A.2d 455 (1968), we held that a defendant to an equity action seeking specific performance of a contract involving land transactions may not rely on the *affirmative defense* of Section 1 of the Statute of Frauds to sustain a motion for judgment on the pleadings unless plaintiff has failed

to reply to the new matter in which the defense is raised. *See also Blumer v. Dorfman,* 447 Pa. 131, 289 A.2d 463 (1972). This result, as we stated in *Blumer,*

" . . . followed logically from the fact that such a motion is in effect a demurrer, '. . . afford[ing] defendant another opportunity, in addition to a preliminary objection, to challenge the sufficiency of a complaint. This similarity between preliminary objections in the nature of a demurrer and the motion for judgment on the pleadings also gains support from the fact that in both cases the trial judge must accept as true all facts properly pleaded by the opposing party. When the defendant moves for summary judgment [sic] therefore, he is merely alleging that plaintiff's complaint has not stated a claim upon which relief may be granted . . . . . [T]o say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face. It may still *state* a claim upon which relief can be granted, even though the relief itself will eventually be denied should defendant prove his affirmative defense.' "

447 Pa. at 139, 289 A.2d at 468.

When the affirmative defense of: Section 1 of the Statute of Frauds is raised in defendant's "new matter," and when plaintiff is required to respond to the allegations contained in defendant's "new matter," but fails to do so, the rule stated in *Goldman* and *Blumer* would require the entry of judgment on the pleadings in favor of the defendant. This result is compelled because on the face of the pleadings it would be apparent that plaintiffs had no claim upon which relief could be granted, and, the case being free from doubt, entry of judgment on the pleadings would be proper. If, on the other hand, the plaintiff responds to defendant's "new matter" allegations raising the bar of the statute of frauds, a sit-

uation is created which may or may not require entry of judgment on the pleadings. Whether or not such a result is required will depend upon the factual allegations contained in plaintiff's complaint and in plaintiff's answer to defendant's "new matter." If in their complaint, or in their answer to defendant's "new matter," plaintiffs allege no facts which, if proven, would take the alleged oral contract for the sale of real estate outside the bar of the Statute of Frauds, then clearly a trial would be a "fruitless exercise," and entry of judgment on the pleadings in favor of defendant would be proper. *See Pierro v. Pierro*, 438 Pa. 119, 264 A.2d 692 (1970). If, however, in their complaint, or in their answer to defendant's "new matter", plaintiffs allege facts which, if proved, would take the oral contract outside the statutory prohibition, then an issue of fact is presented, and the case must proceed to trial. The plaintiffs have alleged such facts here, and for that reason the order of the court granting defendants' motion for judgment on the pleadings must be vacated and the case allowed to proceed to trial.

 The Statute of Frauds is satisfied by the existence of a written memorandum signed by the party to be charged and sufficiently indicating the terms of the oral agreement so that there is no serious possibility of consummating fraud by its enforcement. *In re Beeruk's Estate*, 429 Pa. 415, 241 A.2d 755 (1968); *Brown v. Hahn*, 419 Pa. 42, 213 A.2d 342 (1965). In paragraph 8 of their complaint, plaintiffs allege the existence of a writing which, if its existence is proven, would remove the bar of the Statute of Frauds. In paragraph 8, plaintiffs allege that defendants had executed a deed to the property at issue. In their answer defendants deny the execution of such a deed. Thus, the pleadings framed a factual issue which, depending on whether plaintiffs' allegations or defendants' allegations were ultimately proven, might have removed the Statute of Frauds' prohibi-

tion against enforcement of an oral contract for the sale of real estate.

The decree of the court granting appellees' motion for a judgment on the pleadings is vacated, and the matter remanded for further proceedings consistent with this opinion.