# Gambler v. Huyett

*John A. Fielding,* for appellant Gambler.

*Scott L. Huyett,* in propria persona.

*Deborah L. Palmer,* in propria persona.

*Leslie L. Carson Jr.,* for appellee Fleet Mortgage Corporation.

STALLONE, *J.,* November 30, 1995—The appellant, Mildred Gambler, has appealed the order entered by this court on July 13, 1995, granting a motion for judgment on the pleadings filed by the appellee, Fleet Mortgage Corporation, in the *writ of revival action* filed by Gambler to the above no. 4867-93 A.D.

The facts, although not in dispute, are somewhat complicated because of the underlying personal injury action and companion mortgage foreclosure action.

On September 14, 1992, Gambler filed the above-captioned *negligence action* against Lance A. Williams docketed to civil action no. 4788-92 A.D. for personal injuries arising out of a two car collision. On October 28, 1992, she entered a default judgment against Williams on the issue of *liability*[1] with the question of *damages,* if any, to be decided by one of our local boards of arbitrators some time in the future.

Approximately three weeks later, on November 16, 1992, Fleet commenced the companion *mortgage foreclosure action* against Williams and appellee Deborah L. Palmer, which was docketed to civil action no. 6035-92 A.D., claiming that Palmer and Williams had de-

---

1. The italicized portions of this memorandum opinion are purely for emphasis only.

faulted on their mortgage which Fleet held on property owned by Palmer and Williams as joint tenants with the right of survivorship at 411 Birch Street in the City of Reading.[2] On April 21, 1993, Fleet entered a default judgment against Palmer and Williams which was recorded in the judgment index to no. 2645-93 J.D. of the Prothonotary of Berks County. On the very same day, Fleet filed a praecipe for a writ of execution to no. 252-93 E.D. and on July 9, 1993, purchased the property at a sheriff's sale.

In the meantime, on June 18, 1993, which was approximately three weeks before the sale, a board of arbitrators awarded the sum of $7,500 in *damages* to Gambler which she, in turn, *reduced to a judgment by indexing the same with the prothonotary* on July 1, 1993, to no. 4127-93 J.D. in the above-captioned civil action no. 4788-92 A.D.[3]

---

2. See the memorandum opinion filed by this court this day in *Fleet Mortgage Corporation, Appellee v. Lance A. Williams, Unmarried, and Deborah L. Palmer, Unmarried, Appellees and Mildred Gambler, Appellant and Scott L. Huyett, Administrator of the Estate of Lance A. Williams, Appellee,* civil action no. 6035-92 A.D.

3. Gambler recorded the judgment against the other appellee herein, Scott L. Huyett, Esquire, due to the fact that Williams had died following the commencement of Gambler's personal injury action and Fleet's mortgage foreclosure action and Huyett had been appointed as administrator of Williams' estate. On August 3, 1993, pursuant to a written motion filed by Gambler and in order to allow her to execute on the 411 Birch Street property, the court issued a rule upon both Huyett and Palmer to show cause why the caption of the underlying action should not be amended to formally substitute Huyett as a party defendant in place of Williams and to add Palmer as a party defendant. Inasmuch as neither Huyett nor Palmer filed a response, this court entered an order on September 9, 1993, granting Gambler's motion.

On September 20, 1993, Gambler filed the aforesaid praecipe for issuance of the writ of revival with the prothonotary seeking to have the liability judgment indexed on October 28, 1992,[4] "revived" as a priority lien against the 411 Birch Street property, which property, at that point in time, was titled in Fleet's name as a result of the mortgage foreclosure and sale.[5]

On December 13, 1993, Fleet filed an answer and new matter to the writ of revival objecting to any such indexing. Gambler filed a reply to this new matter. All of this was in accordance with Pa.R.C.P. 3030 which provides that the filing of a writ of revival is equivalent to the filing of a complaint and that thereafter the proceeding is governed by the same rules of procedure that govern all civil actions.

Gambler then filed a praecipe for oral argument asking this court to judicially determine that her alleged "lien" arising out of the October 28, 1992 liability judgment had priority over the lien created by Fleet's default judgment entered and recorded in the companion *mortgage foreclosure action* on April 21, 1993. At the conclusion of oral argument, this court denied Gambler's request "inasmuch as the matter was not properly before the court for consideration."[6]

---

4. The judgment was indexed to no. 7708-92 J.D. However, the parties did not make any reference to it in the pleadings.

5. The writ of revival was served upon Huyett, Palmer and Fleet. Gambler initially failed to make timely service of the writ of revival upon Fleet. Accordingly, Gambler caused the writ to be reissued on November 5, 1993, and subsequently served it upon Fleet on November 23, 1993.

6. It is to be noted that the request of Gambler was not in substance or in the form of a motion for judgment on the pleadings or a motion for summary judgment.

Gambler appealed that order to the Superior Court of Pennsylvania which subsequently quashed the appeal pursuant to a memorandum opinion and order filed on March 22, 1995.

Upon the return of the file from the Prothonotary of the Superior Court, this court heard oral argument on the within motion for judgment on the pleadings which Fleet filed to the writ of revival prior to the oral argument held on Gambler's request. Upon consideration by this court of Gambler's writ of revival, the answer with new matter of Fleet Mortgage Corporation and the reply of Gambler thereto, and after consideration of the briefs and oral argument, this court entered an order on July 13, 1995, granting Fleet's motion for judgment on the pleadings, thereby dismissing Gambler's writ of revival, insofar as it related to establishing a priority lien on the real estate premises at 411 Birch Street, Reading, Pennsylvania, for the following reasons which were placed upon the record:

"(1) The pleadings reveal that the only judgment in favor of Gambler at the time Fleet Mortgage Corporation filed its praecipe for the writ of execution in the mortgage foreclosure for sale of the real estate in question known as 411 Birch Street in the City of Reading, was a judgment establishing general liability and not a judgment for the payment of money;

"(2) Under section 4303 of the Judicial Code, 42 Pa.C.S. §4303(a) only judgments or other orders of court for the payment of money are liens on real property; and

"(3) Therefore, Gambler's general liability judgment was not a lien on the real property in question prior

to the mortgage foreclosure lien placed on the subject premises by Fleet."

This timely appeal followed in which Gambler presents virtually the same substantive issue which she raised in her earlier appeal and that is whether Fleet's failure to notify her of the sheriff's sale entitles her to have her October 28, 1992 general liability judgment entered as a priority lien against the property now titled in Fleet's name. She claims that this court erred in granting Fleet's motion for judgment on the pleadings because there were issues of material fact that were in genuine dispute regarding the questions of whether she had a priority lien on the property and, if not, whether she had any record interest in the property which may have been affected by the sale, thereby entitling her to notice.

The standard of review for ruling upon a motion for judgment on the pleadings is stated in *Keil v. Good,* 467 Pa. 317, 319, 356 A.2d 768, 769 (1976):

"Because a motion for judgment on the pleadings is in the nature of a demurrer, *the trial court must accept all of the well pleaded allegations of the party opposing the motion as true,* while only those facts specifically admitted by the party opposing the motion may be considered against him. Furthermore, the court may consider only the pleadings themselves and any documents properly attached thereto in reaching its decision. In order to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that 'a trial would clearly be a fruitless exercise.' " (citations omitted) (emphasis added)

Clearly, one cannot argue whether there are or are not disputed issues of material fact in the context of a motion for judgment on the pleadings because the trial court must accept all of the well-pleaded facts by the non-moving party (in this case, Gambler) as true. The existence or nonexistence of genuinely disputed issues of material fact becomes relevant only in the context of a motion for summary judgment. Pa.R.C.P. 1035(b) and (c).

We will now turn to Gambler's substantive arguments. She contends that Fleet did not take title to the 411 Birch Street property "free and clear of her interest" because of her default judgment against Williams as to *liability* which was entered on the judgment docket on October 28, 1992. She further claims that this judgment served as "constructive notice" to Fleet of her priority lien upon or interest in the property pursuant to Title 42, 42 Pa.C.S. §4302 (Supp. 1995), and that since Fleet failed to provide written notice to her of the July 9, 1993, sheriff's sale of the property in accordance with Pa.R.C.P. 3129.1 that Fleet took title to the property subject to her $7,500 damage lien which was indexed on July 1, 1993. Rule 3129.1 provides in pertinent part that:

"(a) No sale of real property upon a writ of execution shall be held until the plaintiff has filed with the sheriff the affidavit required by subdivision (b) and the notice required by Rule 3129.2 has been served.

"(b) The affidavit shall set forth to the best of the affiant's knowledge or information and belief as of the date the praecipe for the writ of execution was filed the name and address or whereabouts of

"(1) the owner or reputed owner of the real property and of the defendant in the judgment; and

460

"(2) every other person *who has any record lien* on that property; and

"(3) every other person *who has any record interest in that property which may be affected by the sale;* and

"(4) every other person who has any interest in that property not of record which may be affected by the sale and of which the plaintiff has knowledge.

"If the name and address or whereabouts of the persons in subparagraphs (1) through (4) cannot be reasonably ascertained, the affidavit shall so state."

In response, Fleet says that it took title to the property free and clear of Gambler's judgment because "any lien" resulting from Gambler's judgment on *liability* did not arise until July 1, 1993, when the arbitrators' award relative to *damages* was reduced to judgment and recorded on the judgment index. Fleet further argues that, because these acts occurred well after Fleet's entry of its default judgment on April 21, 1993, against Williams and Palmer, Gambler's judgment did not create any interest in the property and, therefore, Gambler was not entitled to notice of the sheriff's sale.[7]

It is well settled that only a money judgment constitutes a lien upon real property and, then, only from the date that it is recorded by the prothonotary in the judgment index. Ladner, *Conveyancing in Pennsylvania,* section 16.01(b) at 3 (rev. 4th ed. 1979); *Federal Land Bank of Baltimore v. Sustrik,* 367 Pa. Super. 582, 589, 533 A.2d 169, 175 (1987). 42 Pa.C.S. §4303(a) provides as follows:

7. Fleet, however, filed a petition to set aside the sheriff's sale which is docketed to no. 6035-92 and which is the basis for a "companion" appeal by Gambler in the *mortgage foreclosure action* docketed to no. 6035-92 A.D.

*"(a) Real property.—Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property* on the conditions, to the extent and with the priority provided by statute or prescribed by general rule adopted pursuant to section 1722(b) (relating to enforcement and effect of orders and process) *when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated,* or in the office of the clerk of the branch of the court of common pleas embracing such county."

Furthermore, Pa.R.C.P. 1307(b) provides as to arbitration awards that:

"(b) The award *when entered in the judgment index shall be a lien upon the party's real estate,* which shall continue during the pendency of an appeal or until extinguished according to law."

Therefore, upon the entry of an award by a board of arbitrators on the docket and where no appeal is taken within 30 days following the date of the entry of the award on the docket, the prothonotary may enter judgment upon the award only upon praecipe. Pa.R.C.P. 1307(c).[8]

As a result, the arbitration award by the board of arbitrators did not constitute a lien upon 411 Birch Street, until July 1, 1993, when the award was reduced to judgment and the judgment was recorded in the judgment index. This was well after Fleet had recorded its judgment on April 21, 1993.

---

8. On July 1, 1993, a written stipulation authorized Gambler to reduce the June 18, 1993, award of damages to judgment prior to the expiration of the 30 day period for appeal as provided for by Pa.R.C.P. 1307(c).

Furthermore, Gambler did not allege anywhere in the pleadings that she had *any record interest in the 411 Birch Street property which may have been affected by the July 9, 1993* sale of the property. Therefore, we concluded that Gambler had no recorded lien or any record interest in the property that would have required Fleet to provide her with notice of the sheriff's sale.

Accordingly, after accepting all of the well-pleaded facts by Gambler as true, we found that Fleet's right to prevail was so clear that a trial on her writ of revival action would have been a fruitless exercise. *Keil, supra.*

And so, for all of the foregoing reasons, we find that our order of July 13, 1995, was proper and respectfully urge the Superior Court of Pennsylvania to deny this appeal so that the rights of the parties relative to 411 Birch Street, Reading, Pennsylvania, can be finally determined.