J-A14005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PROFESSIONAL SALES, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE ESTATE OF JOSEPH S. BREHAUT, C. CHRISTOPHER MOORE, JR., A/K/A CHARLES C. MOORE, JR., EXECUTOR AND C. CHRISTOPHER MOORE, JR., A/K/A CHARLES C. MOORE, JR., INDIVIDUALLY AND JOSEPH S. BREHAUT AND C. CHRISTOPHER MOORE, JR., PARTNERSHIP T/D/B/A MOLL'S GARAGE, | |
| Appellees | No. 1957 MDA 2014 |

Appeal from the Order Entered October 15, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-818

BEFORE:  BENDER, P.J.E., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                 **FILED JULY 17, 2015**

Professional Sales, Inc. appeals from the order entered October 15, 2014, granting the motion for judgment on the pleadings filed by (1) the Estate of Joseph S. Brehaut, C. Christopher Moore, Jr. a/k/a Charles C. Moore, Jr., executor; (2) C. Christopher Moore, Jr. a/k/a Charles C. Moore, Jr., individually, and (3) Joseph S. Brehaut and C. Christopher Moore, Jr.,

_____

[*] Retired Senior Judge assigned to the Superior Court.

partnership t/d/b/a Moll's Garage (collectively, Appellees). We reverse and remand.

Michael Haber is the Vice President of Professional Sales, Inc. (Appellant).[1] On December 28, 2013, Mr. Haber arranged to meet Mr. Moore to discuss the purchase of a rare, 1991 Ferrari F40 automobile owned by Mr. Brehaut. On the day of the meeting, Mr. Brehaut passed away. Nevertheless, Mr. Moore advised Mr. Haber that he was the executor of Mr. Brehaut's estate. Mr. Haber expressed Appellant's interest in buying the car.

Mr. Haber and Mr. Moore spoke again on December 31, 2013, and arranged another meeting for January 1, 2014. At the meeting, they discussed an agreement to purchase the car. Mr. Moore stated he needed to discuss the agreement with others involved with the estate. A few days later, Mr. Haber and Mr. Moore spoke yet again. Mr. Moore advised Mr. Haber that the estate wanted to sell the car for eight hundred thousand dollars ($800,000.00).

On January 6, 2014, Mr. Haber brought a mechanic to inspect the Ferrari. Following the inspection, Mr. Haber and Mr. Moore orally agreed to the sale of the car for the asking price. The mechanic witnessed the agreement. Mr. Moore indicated that a transfer of money could not occur

---

[1] In light of the procedural posture of the case, this background is derived solely from the averments in Appellant's amended complaint.

until after he discussed the matter with the estate lawyer. Mr. Moore also advised Mr. Haber that there remained an outstanding loan against the car.

Later on January 6, 2014, Craig Prutzman of Tri-County Federal Credit Union called Mr. Haber and advised him that the amount needed to satisfy the outstanding loan was seventy-five thousand five hundred fifty-four and 30/100 dollars ($75,554.30). Mr. Haber made arrangements to pay off the loan.

On January 10, 2014, Mr. Haber was contacted by a broker who offered to sell Mr. Haber a 1991 Ferrari F40. Due to the rarity of this specific car, Mr. Haber knew that this was the same car that he had agreed to purchase from Mr. Moore.

Mr. Haber immediately called Mr. Moore. Mr. Moore said, "You're going to be pissed at me." Amended Complaint at ¶ 70. Mr. Moore then advised Mr. Haber that he had sold the car to someone else for more money. During their conversation, Mr. Moore acknowledged that they had had an agreement.

Appellant commenced this action by complaint on January 17, 2014, later amended, alleging breach of contract.[2] Appellees filed an answer with

_____

[2] Additional claims for specific performance and tortious interference with contractual relationships were withdrawn.

new matter, asserting the Statute of Frauds provision of the Pennsylvania Commercial Code, 13 Pa.C.S. § 2201.[3]

Thereafter, Appellees filed a motion for judgment on the pleadings, and Appellant timely responded. In October 2014, the trial court granted Appellees' motion and judgment was entered on their behalf.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

Appellant contends the trial court erred in granting Appellees' motion for judgment on the pleadings. *See* Appellant's Brief at 3. According to Appellant, the Statute of Frauds is relevant to Mr. Haber's alleged agreement with Mr. Moore, but Appellant argues that his well-pleaded allegations, if proven, would satisfy an exception to the general rule, citing in support 13 Pa.C.S. § 2201(c)(2). We agree.

> Because a motion for judgment on the pleadings is in the nature of a demurrer, the trial court must accept all of the well pleaded allegations of the party opposing the motion as true, while only those facts specifically admitted by the party opposing the motion may be considered against him. Furthermore, the court may consider only the pleadings themselves and any documents properly attached thereto in reaching its decision. In order to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that a trial would clearly be a fruitless exercise.

---

[3] Appellant did not reply to Appellees' new matter. However, Appellees' new matter did not include a notice to defend nor was it endorsed with a notice to plead. *See* Pa.R.C.P. 1026.

*Keil v. Good*, 356 A.2d 768, 769 (Pa. 1976) (internal quotation marks omitted).  On appeal, we review the trial court's decision for a clear error of law and consider whether facts disclosed by the pleadings should be tried before a fact finder.  *See Consolidation Coal Co. v. White*, 875 A.2d 318, 325 (Pa. Super. 2005).

The Pennsylvania Statute of Frauds requires a writing indicating the terms of an oral agreement so there exists "no serious possibility of consummating fraud by its enforcement."  *Keil*, 356 A.2d at 771.  The general rule is:

> Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing.

13 Pa.C.S. § 2201(a).  There are exceptions to the general rule, including the following:

> A contract which does not satisfy the requirements of subsection (a) but which is valid in other respects is enforceable:
>
> …
>
>> (2) if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made, but the contract is not enforceable under this provision beyond the quantity of goods admitted[.]

13 Pa.C.S. § 2201(c)(2).

Here, the Statute of Frauds clearly applies. At issue is the sale of a rare automobile valued well above the $500 threshold established by the general rule. *See* 13 Pa.C.S. § 2201(a). However, according to Appellant's amended complaint, (1) Mr. Moore *admitted* the existence of an agreement and (2) there was an eyewitness to the agreement. *See* Amended Complaint at ¶¶ 54, 55. We must accept these allegations as true. *Keil*, 356 A.2d at 769. If Appellant can prove Mr. Moore's admission that an oral contract for the sale of the 1991 Ferrari F40 was made, then Appellant will establish an exception to the Statute of Frauds. *See* 13 Pa.C.S. § 2201(c)(2). Accordingly, Appellees were not entitled to judgment on the pleadings. *See Consolidation Coal Co.*, 875 A.2d at 325.

The trial court dismissed Appellant's arguments, noting factual distinctions between this case and *Keil*. *See* Trial Court Opinion at 5-6 (observing that the *Keil* plaintiff's pleadings referenced the existence of a writing that would, if proven, satisfy the Statute of Frauds); *Keil*, 356 A.2d at 771. We agree with the trial court's conclusion that Appellant cannot meet the requirements of the general rule. *Id.* at 6. However, the court failed to examine the relevant exception to the general rule. *See* 13 Pa.C.S. § 2201(c)(2). In our view, Appellant's pleadings frame a factual issue worthy of development.

Accordingly, we reverse the order of the trial court and remand for further proceedings.

Order reversed. Case Remanded. Jurisdiction relinquished.

Judge Strassburger files a concurring memorandum in which President Judge Emeritus Bender joins.

Judge Jenkins files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015