J-A14005-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PROFESSIONAL SALES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE ESTATE OF JOSEPH S. BREHAUT, C. CHRISTOPHER MOORE, JR., A/K/A CHARLES C. MOORE, JR., EXECUTOR AND C. CHRISTOPHER MOORE, JR., A/K/A CHARLES C. MOORE, JR., INDIVIDUALLY AND JOSEPH S. BREHAUT AND C. CHRISTOPHER MOORE, JR. PARTNERSHIP T/D/B/A MOLL'S GARAGE | |
| Appellee | No. 1957 MDA 2014 |

Appeal from the Order Entered October 15, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 14-818

BEFORE:  BENDER, P.J., JENKINS, J., and STRASSBURGER, J.[*]

DISSENTING MEMORANDUM BY JENKINS, J.:       **FILED JULY 17, 2015**

I respectfully dissent.

As the learned majority accurately observes, to succeed on a motion for judgment on the pleadings, the moving party's right to prevail must be so clear that a trial would clearly be a fruitless exercise.  ***Keil v. Good***, 356 A.2d 768 (Pa.1976).

> As our Supreme Court has explained, appellate review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court

---

[*] Retired Senior Judge assigned to the Superior Court.

committed an error of law or whether there were facts presented which warrant a jury trial. In conducting this review, we look only to the pleadings and any documents properly attached thereto. Judgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.

In passing on a challenge to the sustaining of a motion for judgment on the pleadings, our standard of review is limited. We must accept as true all well pleaded statements of fact of the party against whom the motion is granted and consider against him only those facts that he specifically admits.

*John T. Gallaher Timber Transfer v. Hamilton*, 932 A.2d 963, 967 (Pa.Super.2007).

Although Appellant and the majority contend that Appellant's well-pleaded allegations, if proven, would satisfy the 13 Pa.C.S. § 2201(c)(2) exception to the Statute of Frauds, I disagree. The exception clearly states that a contract could be enforceable, even if not in writing as mandated by the Statute of Frauds, if "the party against whom enforcement is sought admits in his **pleading**, **testimony** or **otherwise in court** that a contract for sale was made…" 13 Pa.C.S. § 2201(c)(2) (emphasis added).

In his amended complaint, Appellant alleges Appellee Mr. Moore told him that he could have the Ferrari F40 for $800,000.00. Appellant claims Mr. Moore said at a meeting on January 1, 2014, "it's your car." He submits that, on January 6, 2014, after Appellant inspected the car with a mechanic, Mr. Moore shook his hand and said, "we have a deal." Further, he avers that James Maghee, a mechanic, heard this conversation. Appellant further

alleges that Mr. Moore admitted to the existence of the oral contract over the phone and specifically said, "you're going to be pissed at me," when telling him that he had sold the Ferrari F40 to another buyer.[1]

If we take all of Appellant's allegations as true, this situation is very unfortunate for him. However, nowhere in Appellant's pleadings does he claim that Mr. Moore admitted to the existence of this oral contract in a pleading, testimony, or otherwise in court. Thus, Appellant fails to allege an exception to the Statute of Frauds, and his oral contract for the sale of goods for the Ferrari F40, which was well over $500.00, is not enforceable because it was not in writing.[2]

I would affirm the trial court's order granting Appellees' motion for judgment on the pleadings.

---

[1] Appellee specifically denies all of these allegations in his answer to Appellant's complaint.

[2] This case is distinguishable from the case upon which Appellant relies, *Keil,* 356 A.2d. In *Keil*, the plaintiffs alleged in their complaint that a written contract existed:

> In paragraph 8 of their complaint, plaintiffs allege the existence of a writing which, if its existence is proven, would remove the bar of the Statute of Frauds…. In their answer[,] defendants deny the execution of such a deed. Thus, the pleadings framed a factual issue which, depending on whether plaintiffs' allegations or defendants' allegations were ultimately proven, might have removed the Statute of Frauds' prohibition against enforcement of an oral contract for the sale of real estate.

*Keil*, 356 A.2d at 771.