J-A03031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROL LEVY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ROBERT JOHNSON AND IMPERIAL HOME INSPECTIONS, LLC | |
| Appellees | No. 1016 EDA 2015 |

Appeal from the Order Entered April 9, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-27083

BEFORE:  GANTMAN, P.J., MUNDY, J., and DUBOW, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED APRIL 11, 2016**

Appellant, Carol Levy, appeals *pro se* from the order entered in the Montgomery County Court of Common Pleas, granting judgment on the pleadings in favor of Appellees Robert Johnson and Imperial Home Inspections, LLC, and dismissing Ms. Levy's complaint with prejudice.  We affirm.

The trial court set forth the relevant facts and procedural history of this case as follows:

> [Ms. Levy] initiated the underlying suit, sounding in breach of contract and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 [P.S.] § 201-2 ("UTPCPL"), for alleged damages arising from a home inspection conducted by Mr. Johnson.  The home inspection in question was conducted on December 6, 2010 at the property located at the address of 419 York Avenue, Lansdale, Pennsylvania 19336 in anticipation of

[Ms. Levy's] purchase. [Ms. Levy] received the home inspection report on the same day.[1] [Ms. Levy] subsequently had another inspection performed on February 5, 2011 by Daybreak Home Inspections, Inc. Around this time, [Ms. Levy] retained counsel who informed [Appellees] on August 9, 2011, that [Ms. Levy] had a claim relating to the December 6, 2010 inspection. Despite initially retaining counsel in 2011, [Ms. Levy] elected to proceed *pro se* and filed her Complaint on August 30, 2013, more than two years and eight months after [Mr. Johnson] conducted and delivered the initial home inspection report to [Ms. Levy], and more than two years after [Ms. Levy], through then counsel, put [Appellees] on notice of her claim.

On October 17, 2013, the Montgomery County Prothonotary entered default judgment against [Appellees] in the amount of $50,000.00. On October 30, 2013, [Appellees] filed a Petition to Open the Default Judgment, which the [c]ourt granted. Thereafter, on May 27, 2014, [Appellees] filed their Answer and New Matter and [Ms. Levy] replied on June 13, 2014. On June 17, 2014, [Appellees] filed a Motion for Judgment on the Pleadings. After argument, the [c]ourt granted [Appellees'] Motion by Order [filed] April [9], 2015, and dismissed [Ms. Levy's] Complaint. [Ms. Levy] timely filed a Notice of Appeal on April 14, 2015. On May 7, 2015, [Ms. Levy] timely filed and served upon the undersigned a Concise Statement of [Errors] Complained [o]f [o]n Appeal ("1925(b) Statement").

(Trial Court Opinion, filed September 10, 2015, at 1-2) (internal footnote omitted).

Ms. Levy raises five issues for our review:

DID THE TRIAL COURT ERR AS A MATTER OF LAW IN

_____

[1] Ms. Levy claims on appeal that she received the home inspection report via e-mail two days after the home inspection. The difference in these dates is immaterial to our disposition.

HOLDING ON SUMMARY JUDGMENT[2] THAT PENNSYLVANIA LAW DOES NOT RECOGNIZE [MS. LEVY'S] CLAIMS AGAINST A HOME INSPECTOR ([APPELLEES] ROBERT JOHNSON AND IMPERIAL HOME INSPECTIONS, LLC) THAT WERE SEPARATE AND DISTINCT FROM THE WRITTEN INSPECTION REPORT?

DID THE TRIAL COURT ERR BY HOLDING ON SUMMARY JUDGMENT THAT THE SILENCE OF THE LEGISLATORS ON ALL BUT A "WRITTEN" HOME INSPECTION REPORT PRECLUDES ANY/ALL OTHER ACTIONS, CLAIMS THAT ARISE OUTSIDE OF THE WRITTEN REPORT?

DID THE TRIAL COURT ERR IN FINDING THAT ALL ASSERTIONS BY [MS. LEVY] AGAINST [APPELLEES] AROSE OUT OF THE WRITTEN HOME INSPECTION REPORT DESPITE REPEATED ASSERTIONS, AVERMENTS TO THE CONTRARY BY [MS. LEVY]?

DID THE TRIAL COURT ERR IN FINDING THAT THE PROVISIONS UNDER THE PENNSYLVANIA HOME INSPECTION LAW RELATING TO THE UTPCPL PRECLUDED ALL OTHER CLAIMS UNDER THE UTPCPL THAT DO NOT ARISE OUT OF THE WRITTEN HOME INSPECTION REPORT?

AS *PRO SE* WERE [MS. LEVY'S] PLEADINGS, STATEMENT OF FACTS, *ET AL.*, SO PROBLEMATIC AS TO BE A FATAL FLAW IN THE COURT'S OPINION?

(Ms. Levy's Brief at 2-3).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Thomas C. Branca, we conclude Ms. Levy's issues merit no relief. The trial court opinion properly disposes of the questions presented. (**See** Trial Court Opinion at 2-

---

2 Notwithstanding the phrasing of Ms. Levy's questions presented, her appeal lies from the order granting Appellees' motion for judgment on the pleadings, not from an order granting summary judgment.

8) (finding: Mr. Johnson conducted home inspection of property at issue on December 6, 2010; Ms. Levy hired Daybreak Home Inspections to perform second inspection after she already purchased and moved into home; Daybreak delivered home inspection report to Ms. Levy on February 5, 2011, which revealed presence of knob-and-tube wiring in Ms. Levy's home; despite discovering presence of knob-and-tube wiring in her house following Daybreak's inspection and retaining counsel by August 2011, Ms. Levy failed to file her complaint against Appellees until August 30, 2013, more than two years and eight months after original December 2010 home inspection; Ms. Levy's claims are governed by Home Inspection Law and subject to Home Inspection Law's one-year statute of limitations ("SOL"); Ms. Levy attempts to circumvent this SOL by insisting her claims are not premised on written inspection report, but rather on Mr. Johnson's representations that he was qualified home inspector on which Ms. Levy relied when purchasing home; nevertheless, any fair reading of Ms. Levy's complaint makes clear this action arises from Mr. Johnson's home inspection; Home Inspection Law is comprehensive regulation demonstrating legislature's intent to preempt application of other laws to home inspections; consequently, specific SOL set forth in Home Inspection Law applies to this case over general UTPCPL or breach of contract SOL; Home Inspection Law contemplates actions by home inspectors which might be deemed violations of UTPCPL; as to those enumerated actions which might constitute violations of UTPCPL, SOL in

J-A03031-16

Home Inspection Law still controls; thus, Ms. Levy's complaint is time-barred, and court properly granted judgment on pleadings in favor of Appellees and dismissed Ms. Levy's complaint).[3]  Accordingly, we affirm on the basis of the trial court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/2016

_____

[3] Even giving Ms. Levy the benefit of the "discovery rule," her claims would still be time-barred as she filed her complaint more than one year after receiving the home inspection report from Daybreak on February 5, 2011, which disclosed the presence of knob-and-tube wiring and other alleged defects in Ms. Levy's home. **See generally Weik v. Estate of Brown**, 794 A.2d 907 (Pa.Super. 2002), *appeal denied*, 572 Pa. 709, 813 A.2d 844 (2002) (explaining "discovery rule" is judicially created device which tolls running of applicable statute of limitations until point when plaintiff knows or reasonably should know she has been injured and that her injury has been caused by another party's conduct; limitations period begins to run when injured party possesses sufficient critical facts to put her on notice that wrong has been committed and that she needs to investigate to determine whether she is entitled to redress).

- 5 -

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

| | | |
|---|---|---|
| CAROL J. LEVY | : | NO. 2013-27083 |
| Plaintiff | : | 1016 EDA 2015 |
| v. | : | |
| | : | |
| ROBERT JOHNSON AND IMPERIAL HOME | : | |
| INSPECTIONS, LLC | : | |
| Defendants | : | |

2013-27083-0040  9/10/2015 2:47 PM  # 10468245
Opinion
Rcpt#Z2514661  Fee:$0.00
Mark Levy - MontCo Prothonotary

**OPINION**

**Branca, J.**                                                                    **September 10, 2015**

## I.    INTRODUCTION

Carol J. Levy ("Plaintiff") pro se appeals from this Court's Order, dated April 8, 2015,[1]

granting Defendants, Robert Johnson and Imperial Home Inspections, LLC's ("Mr. Johnson" and

"Imperial") Motion for Judgment on the Pleadings and dismissing Plaintiff's Complaint. For the

reasons that follow, Plaintiff's appeal is without merit and the Court's Order dated April 8, 2015

should be AFFIRMED.

## II.    STATEMENT OF THE CASE

Plaintiff initiated the underlying suit, sounding in breach of contract and violations of

Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. C.S. § 201-2

("UTPCPL"), for alleged damages arising from a home inspection conducted by Mr. Johnson.

The home inspection in question was conducted on December 6, 2010 at the property located at

the address of 419 York Avenue, Lansdale, Pennsylvania 19336 in anticipation of Plaintiff's

purchase. Plaintiff received the home inspection report on the same day. Plaintiff subsequently

had another inspection performed on February 5, 2011 by Daybreak Home Inspections, Inc.

Around this time, Plaintiff retained counsel who informed Defendants on August 9, 2011 that

---

[1] [Order, 4/9/15].

Plaintiff had a claim relating to the December 6, 2010 inspection. Despite initially retaining counsel in 2011, Plaintiff elected to proceed *pro se* and filed her Complaint on August 30, 2013, more than two years and eight months after Defendant conducted and delivered the initial home inspection report to Plaintiff, and more than two years after Plaintiff, through then counsel, put Defendant on notice of her claim.

On October 17, 2013, the Montgomery County Prothonotary entered default judgment against Defendants in the amount of $50,000.00. On October 30, 2013, Defendants filed a Petition to Open the Default Judgment, which the Court granted. Thereafter, on May 27, 2014, Defendants filed their Answer and New Matter and Plaintiff replied on June 13, 2014. On June 17, 2014, Defendants filed a Motion for Judgment on the Pleadings. After argument, the Court granted Defendants' Motion by Order dated April 8, 2015, and dismissed Plaintiff's Complaint. Plaintiff timely filed a Notice of Appeal on April 14, 2015. On May 7, 2015, Plaintiff timely filed and served upon the undersigned a Concise Statement of Matters Complained Of On Appeal ("1925(b) Statement").[2]

## III. DISCUSSION

Plaintiff's 1925(b) Statement, which is neither concise nor easy to interpret,[3] is primarily a rehashing of the arguments raised by Plaintiff in her Memorandum of Law in Support of her Answer to Defendants' Motion for Judgment on the Pleadings, likewise inartfully drafted. As best as can be discerned from the three (3) page 1925(b) Statement, Plaintiff asserts that she justifiably relied on Defendant, Mr. Johnson's representation that he was qualified and had the requisite knowledge to perform her home inspection, when in fact Mr. Johnson concealed his lack of knowledge which facts arise to the level of fraud supporting her Complaint for Breach of

---

[2] *See* Pa. R.A.P. 1925(b).
[3] [*See* Pl.'s 1925(b) Statement, at *2 (commencing with a sentence fragment)].

2

Contract and violation of the UTPCPL; which claims were timely filed within the respective applicable statutes of limitation.

## A. Standard of Review

The standard of review applicable to a Court's grant of a motion for judgment on the pleadings is plenary. The Appellate Court shall apply the same standard employed by the Trial Court and confine its consideration to the pleadings and relevant documents, accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were admitted. *Cubler v. TruMark Fin. Credit Union*, 83 A3d 235, 239 (Pa. Super. Ct. 2013). The trial court's grant of such a motion will be affirmed where "the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise." *Keil v. Good*, 356 A.2d 768 (Pa. 1976).

## B. The Court Properly Granted Defendants' Motion for Judgment on the Pleadings

Plaintiff's allegations against Defendants arise from a home inspection conducted by Defendant of a home to be purchased by Plaintiff. Plaintiff's Complaint alleged that Defendants failed to note the existence of knob-and-tube wiring throughout the house. Plaintiff allegedly later discovered the existence of knob-and-tube wiring in the house after having another inspection conducted after she purchased the property. Plaintiff also claimed that Defendants failed to note defective electrical outlets, asbestos in the basement, inadequate plumbing and piping, an empty heating oil tank (which was allegedly discovered nearly three (3) winter months after she had moved in), damaged and/or missing tiles on the first floor of the property, and stains on the stove in the kitchen. These latter assertions are belied by the report itself.

Despite retaining counsel approximately 8 months after Defendant's inspection, and after the knob-and-tube wiring was discovered, Plaintiff failed to file her Complaint against

3

Defendants until more than 2 years and 8 months after the original home inspection. As Plaintiff's claim is governed by the Home Inspection Law, 68 Pa. C.S. § 7501 *et seq.*, (the "Home Inspection Law") rather than the common law of contracts and/or the UTPCPL as she so asserts, Plaintiff is barred by the one (1) year statute of limitations in the Home Inspection Law. Plaintiff obviously seeks to circumvent the one (1) year statute of limitations under the Home Inspection Law, by asserting that her claim is not premised on the inspection report provided by Defendant, but rather on Defendant's oral and written representation that he was a qualified home inspector on which Plaintiff allegedly relied when purchasing the property. Plaintiff's characterization of her claim is unavailing. By any fair reading of the Complaint this is an action arising out of the home inspection.

i.     *Plaintiff's Claim is Barred Under The Home Inspection Law*

Pennsylvania's Home Inspection Law is a comprehensive statute which provides the duty of care (68 Pa. C.S. § 7504), requirements for contracts (68 Pa. C.S. § 7506), and the statute of limitations (68 Pa. C.S. § 7512) for actions involving home inspectors. In short, the law is a comprehensive regulation evidencing the Legislature's intent to preempt application of other laws to home inspections. *See e.g.*, *Nutter v. Dougherty*, 938 A.2d 401 (Pa. 2007) (for a comprehensive discussion of legislative preemption).

Section 7512 of the Home Inspection Law provides a one (1) year statute of limitations that begins when the inspection report is delivered. The inspection report from which this case arose was delivered on December 6, 2010. Plaintiff's Complaint was not filed until August 30, 2013, two (2) years and eight (8) months after the home inspection and two (2) years after Plaintiff, through counsel, put Defendant on notice of her claim. In either event, it was pled well beyond the one (1) year statute of limitations.

4

A plaintiff is barred from bringing an action once the prescribed statutory period for commencing a cause of action has expired. *See Baumgart v. Keene Bldg. Prod. Corp.*, 666 A.2d 238, 240(Pa. 1995). In Pennsylvania, the courts adhere to a strong policy of favoring the strict application of statutes of limitation. *Kingston Coal Co. v. Feltin Min. Co.*, 690 A.2d 284 (Pa. Super. Ct. 1997). The person who brings the action has a responsibility and duty to use all reasonable diligence to be properly informed of the facts and circumstances upon which a potential right of recovery is based. *Id.* Likewise, it is the responsibility and duty of a plaintiff to institute a suit within the prescribed statutory period. *Id.* The Home Inspection Law states that all "action[s] to recover damages arising from a home inspection report must be commenced within one year after the date the report is delivered." 68 Pa. C.S. §7512. The language is plain and unambiguous.

### ii. The Alleged UTPCPL Claim

Plaintiff attempts to salvage her claims by characterizing them as arising under the UTPCPL, which is subject to a much more generous six (6) year statute of limitations. Under the Statutory Construction Act, 1 Pa. C.S. § 1933, particular statutes control over general statutes. *See e.g. Duda v. Com., Bd. of Pharmacy*, 393 A.2d 57, 59 (Pa. Commw. Ct. 1978) (holding that a more recent, more specific statute "repealed by implication" a more general statute). Additionally, section 1921(a) of the same act indicates that when interpreting statutes the "object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." When passing the Home Inspection Law, the legislature obviously contemplated its construction with the UTPCPL, 73 Pa. C.S. § 201 *et seq.*

In fact, section 7505 of the Home Inspection Law titled "Consumer Remedies" explicitly incorporates the UTPCPL, stating that "[t]he performance of a home inspection is a service that

5

is subject to the ... Unfair Trade Practices and Consumer Protection Law," and further provides:

> "(b) Prohibited acts.--Any of the following acts engaged in by a home inspector, an employer of a home inspector or another business or person that controls or has a financial interest in the employer of a home inspector shall be deemed to be an unfair or deceptive act or practice as defined by section 2(4)(i) through (xxi) of the Unfair Trade Practices and Consumer Protection Law:
> (1) Performing or offering to perform for an additional fee any repairs to a structure with respect to which the home inspector, the employer of the home inspector or such other business or person has prepared a home inspection report within the preceding 12 months, except that this paragraph shall not apply to remediation for radon or wood destroying insects.
> (2) Inspecting for a fee any property in which the home inspector, the employer of the home inspector or such other business or person has any financial interest or any interest in the transfer of the property, including without limitation receipt of a commission as an agent, unless the financial interest or interest in the transfer of the property is disclosed in writing to the buyer before the home inspection is performed and the buyer signs an acknowledgment of receipt of the disclosure.
> (3) Offering or delivering any commission, referral fee or kickback to the seller of the inspected property or to an agent for either or both of the seller and the buyer for the referral of any business to the home inspector, the employer of the home inspector or such other business or person.
> (4) Accepting an engagement to perform a home inspection or to prepare a home inspection report in which the employment itself or the fee payable for the inspection is contingent upon the conclusions in the report, pre-established or prescribed findings or the closing of the transaction."[4]

As the Home Inspection Law was enacted on December 20, 2001 after the November 24, 1976 reenactment of the UTPCPL, this provision limits the UTPCPL's applicability to home inspections to the specific enumerated actions. Had it been the intent of the Legislature to add this list of "prohibited acts" to any other acts of a home inspector that arguably could fall within the broad language of the UTPCPL in would have expressly stated so, *i.e.*, "In addition to any other acts that may be found to be in violations of the UTPCPL, the following acts are also prohibited acts under the UTPCPL." In short, this provision is the legislative statement of an exception to the otherwise preemptive effect of the Home Inspection Law.

---

[4] 68 Pa. C.S. § 7505(b).

6

Given that construct, even with the most generous reading in favor of Plaintiff of the facts plead, this Court cannot find that Plaintiff plead any facts to indicate Defendants may have committed any actions that fit within these enumerated "Prohibited Acts." 68 Pa. C.S. § 7505(b)(1-4). As such, the assertion that the UTPCPL applies to her Complaint is without merit. Moreover, and most crucially, the fact that the Legislature subjected acts of home inspection to the UTPCPL does not subject those acts to the statute of limitations of the UTPCPL. Once again, the fact that the Home Inspection Law was passed after the latest reenactment of the UTPCPL, and is particular, comprehensive, and preemptive with regard to home inspections subjects any claims arising out of a home inspection, including those that may fall within the ambit of the UTPCPL (and thus, arguably, subjecting the home inspector to treble damages and other sanctions found therein) to the one year statute of limitations found in the Home Inspection Law.

As with the discussion aforesaid of the UTPCPL section of the Home Inspection Law, had the Legislature intended to expand the statute of limitations for all acts of home inspectors subject to the UTPCPL it would have explicitly said so. Without such language, the Home Inspection Law must be interpreted to subject all claims regarding home inspection to the one year statute of limitations found in the Home Inspection Law. Thus, even assuming that she had properly alleged one of the prohibited acts provided for by the Home Inspection Law, or that any of the acts alleged otherwise fell within the purview of the UTPCPL, Plaintiff's claim would still be conclusively barred by the one (1) year statute of limitations.

Given her claims were clearly barred by the applicable one year statute of limitations of the Home Inspection Law, the grant of Judgment on the Pleadings in favor of Defendant was proper.

7

## IV.     CONCLUSION

For all of the aforementioned reasons, this Court respectfully requests that its

Order, dated April 8, 2015, be AFFIRMED.

BY THE COURT:

_____
THOMAS C. BRANCA,   J.

Copies of the above Opinion
mailed on 9 / 10 /15     to:
**By First Class Mail:**
Carol J. Levy, *Pro Se*, 2100 N. Line St. Apt. 304K, Lansdale, PA. 19446
Joseph W. Denneler, Esquire
**By Interoffice Mail:**
Court Administration

8

Case# 2013-27083-20 Docketed at Montgomery County Prothonotary on 06/17/2014 5:06 PM, Fee = $0.00

| | |
|---|---|
| CAROL J. LEVY,<br>Plaintiff | IN THE COURT OF COMMON PLEAS<br>OF MONTGOMERY COUNTY, PA |
| v. | CIVIL ACTION - LAW |
| ROBERT JOHNSON,<br>and<br>IMPERIAL HOME INSPECTIONS, LLC<br>Defendants | DOCKET NO. 2013-27083 |

## ORDER

AND NOW, this ___8th___ day of ___April___, 2015, upon consideration of the Motion for Judgment on the Pleadings of Defendants, Robert Johnson and Imperial Home Inspections, LLC, and any response filed thereto, it is hereby ORDERED and DECREED that Defendants' Motion is GRANTED and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____ J.

2013-27083-0033   4/9/2015 11:03 AM   # 10252453
Order
Rcpt#Z2375446  Fee:$0.00
Mark Levy - MontCo Prothonotary

Copies of above Order
Mailed on 4/8/15 to:
**By First Class Mail:**
Carol Levy, Plaintiff, *Pro Se*, 112 Church Road, Apt. 19K, North Wales, PA  19454
Joseph W. Denneler, Esquire
**By Interoffice Mail:**
Court Administration

_____
Secretary

{J0149429.DOCX}

**THIS ORDER/JUDGMENT WAS DOCKETED AND SENT ON 04/09/2015 PURSUANT TO PA. R. C. P. 236.**